465 A.2d 8

Constance ROSSI,

v.

**STATE FARM AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 20, 1982.

Filed Aug. 12, 1983.

Petition for Allowance of Appeal Denied Jan. 16, 1984.

Dennis Veneziale, Philadelphia, for appellant.

Eugene A. Spector, Philadelphia, for appellee.

Before JOHNSON, WATKINS and LIPEZ, JJ.

JOHNSON, Judge:

This appeal asks us to decide whether a passenger who has recovered damages under the liability provisions of an insurance policy held by the operator of a motor vehicle may thereafter recover the same damages by compelling arbitration under the uninsured motorist coverage of the same policy. We think not and reverse the order of the common pleas court confirming the arbitration award.

On December 17, 1978, an automobile driven by Rene Lucas collided with an uninsured automobile at Walnut and Fifty-Sixth Streets in Philadelphia. Constance Rossi was a passenger in the automobile driven by Lucas when it was involved in the collision. Rossi sustained injuries as a result of the collision. Subsequently, she settled and released any claims she may have had against Rene Lucas. The release *inter alia* contained the following language:

> Constance Rossi reserves the right to explore any and all avenues to recover further and obtain full and complete compensation for her injuries and damages, includ-

ing her right to pursue any claims available against any insurance carrier affording to plaintiff uninsured motorist coverage. . . .

In exchange for executing the release, she received $7,500.00 from State Farm Automobile Insurance Co., the liability insurance carrier for Lucas.

After accepting the $7,500.00, Rossi made a claim under the uninsured motorist (UM) coverage of the Lucas policy. State Farm refused payment. Rossi compelled the appointment of arbitrators under the arbitration clause of the policy. The arbitration was conducted pursuant to the Act of April 25, 1927 P.L. 381 No. 248, 5 P.S. § 161 *et seq.* An arbitration hearing was held on January 22, 1981. The arbitrators awarded Rossi the following damages:

(A) $6,500.00 for Plaintiff's (Rossi's) Pain and Suffering

(B) Special Damages Consisting of:

| | | |
|---|---|---|
| 1. | Medical Expenses | $ 984.00 |
| 2. | Lost Wages | 540.00 |
| | | $1,524.00 |

(C) Total of (A) and (B) $8,024.00

Rossi then petitioned for confirmation of the award of the arbitrators. State Farm cross-petitioned for modification of the award. The petition to confirm the award was granted, prompting this appeal.

■ We begin our analysis of the instant case by considering the release that Rossi executed. The language in the release purports to reserve a further right of recovery to Rossi of uninsured motorist benefits. However, that further right of recovery is limited to "any insurance carrier affording . . . uninsured motorist coverage" to Rossi. The release therefore permits Rossi a limited right of further recovery from her *own* carrier of uninsured motorist benefits. Since Rossi sought recovery from the insurance carrier of another, her claim falls outside of the limited right of further recovery reserved in the release. Her second claim under the Lucas policy is therefore not protected by the release.

Even if we were to construe the release as reserving to Rossi the right to further recovery from State Farm under the Lucas policy, our inquiry would not end there. It would be incumbent upon us to determine if Rossi received full compensation for her injuries from the settlement.

■ While it is a fundamental rule of damages that a person injured by the tortious act of another is entitled to compensation, a court will not allow that person more than one satisfaction in damages. *Muise v. Abbott,* 160 F.2d 590 (1st Cir.1947) *affirming* 60 F.Supp. 561 (D.Mass.1945). An injured party cannot recover twice for the same injury. *See Thompson v. Fox,* 326 Pa. 209, 192 A. 107 (1937); *see also Smialek v. Chrysler Motors Corporation,* 290 Pa.Super. 496, 508, 434 A.2d 1253, 1259 (1981); *Embrey v. Borough of West Mifflin,* 257 Pa.Super. 168, 180, 390 A.2d 765, 771-2 (1978). This rule is based on the theory that duplicate recovery results in unjust enrichment. *Muise v. Abbott,* 60 F.Supp. at 562.

■ We believe this fundamental rule of damages is equally applicable when a recipient of insurance benefits, which fully compensate the recipient for the injuries suffered, seeks to recover for the loss a second time under a different provision of the same policy. We apply the rule to the instant case.[1]

The record indicates that State Farm paid Rossi under the liability portion of the Lucas policy, when she settled her claims against Rene Lucas and executed a release in exchange for the sum of $7,500.00. At the time of the settlement Rossi had incurred medical expenses and wage loss totalling $1,524.00. The medical bills and wage loss were known to the parties and were used as an indicator of the general damages which Rossi sustained. The additional

---

1. Our conclusion that a recipient of insurance benefits which fully compensate for any loss suffered, is not entitled to a double recovery, even if the recipient legally has another claim of recovery for the same loss, is analogous to that reached by the Indiana courts. *See Wecker v. Kilmer,* 260 Ind. 198, 294 N.E.2d 132 (1973); *Lazarrus v. Employers Mutual Casualty Co.,* 173 Ind.App. 452, 364 N.E.2d 140 (1977).

increment of $5,976.00 in the settlement represented payment to Rossi for her general damages. State Farm therefore compensated Rossi for both her special and general damages in the settlement.

█ After receiving the settlement amount, Rossi compelled arbitration seeking further recovery from State Farm for her injuries. During the arbitration hearing she did not purport to prove additional damages beyond those she received in settlement of her claim against Rene Lucas. She submitted the same medical bills and wage loss to the arbitrators as evidence of her special damages. N.T. Arbitration Hearing at 43–52; R.R. at 107a–116a. From this evidence, the arbitrators determined that she was entitled to be compensated for her special damages in the amount of $1,524.00 and to receive the sum of $6,500.00 as pain and suffering. The arbitrators refused to reduce their award by the amount she had received from the settlement; thus it cannot be said that the amount awarded was for damages in excess of those for which she was compensated by the settlement.

Our review of the record convinces us that Rossi, by compelling arbitration under the UM coverage, sought from State Farm a second recovery of damages for the same injury, under a different portion of the Lucas policy. The presentation of the same evidence of medical expenses and wage loss to the arbitrators convinces us that Rossi did not suffer a loss that remained uncompensated after the prior settlement. In fact, the only difference between the amount of the arbitrators' award and the amount of the settlement was the increased value the arbitrators placed upon Rossi's claim for general damages. This does not represent the accrual of additional compensable loss by Rossi, but it is merely a difference of opinion as to the value of Rossi's general damages.

█ Irrespective of the amounts she recovered from State Farm in her settlement with Lucas, Rossi argues that she may recover under the UM coverage of the Lucas policy

because it is a separate coverage which applies to the circumstances of her injury. However, the purpose of UM coverage is not to enrich persons who have fully recovered monetarily from an accident yet who seek to obtain windfall profits. *See Amaradio v. Travelers Insurance Co.,* 276 Pa.Super. 189, 419 A.2d 159 (1980).

■ Our cases have held that uninsured motorist coverage is to be construed liberally, except when equally strong legal or equitable considerations to the contrary are present. *See Adelman v. State Farm Mutual,* 255 Pa.Super. 116, 386 A.2d 535 (1978); *Sands v. Granite Mutual Insurance Co.,* 232 Pa.Super. 70, 331 A.2d 711 (1974). We think that such considerations are present where, as here, a double recovery is sought. *But cf., Saunders v. State Farm Insurance Co.,* 294 Pa.Super. 424, 440 A.2d 538 (1982) *allocatur granted* June 4, 1982 (where this court permitted double recovery as a matter of interpretation of the insurance policy). We therefore reject the notion that Rossi may have a duplicate recovery for her injuries simply because they fall within two separate and distinct coverages provided by the Lucas policy. We cannot in equity and good conscience allow Rossi to receive more than one satisfaction for her injuries, by permitting her to be twice compensated for them at the expense of State Farm and Rene Lucas.

For the reasons we have discussed *supra,* we hold that Rossi is not legally entitled to recover duplicate damages for the same injuries under the separate coverages afforded by State Farm in the Lucas policy.

Before concluding, we note that State Farm has raised in its brief an issue similar to the one in *Saunders v. State Farm Insurance Co., supra. Saunders* held that a policyholder may receive a duplicate recovery of her special damages, i.e., medical expenses and wage loss, under her personal injury protection benefits and her UM coverage. The policyholder/claimant had paid two premiums for these separate coverages. *Saunders* is distinguishable from the instant case. The facts of *Saunders* differ from the instant

case in that Rossi seeks duplicate recovery of her total damages from the insurance coverages of a third party, Lucas, for which she, Rossi, has not paid premiums. We find *Saunders* inapplicable to the instant case.

For the above reasons, we reverse the order of the trial court and remand for the entry of an order consistent with this opinion. Jurisdiction is relinquished.