510 A.2d 722

**Eugene McNALLY & Kathleen McNally, Appellants,**

**v.**

**James DAGNEY & Lucille Cavallero (Two Cases).**

Superior Court of Pennsylvania.

Submitted Dec. 18, 1985.

Filed April 14, 1986.

Reargument Denied June 19, 1986.

Allen L. Feingold, Philadelphia, for appellants.

Edward J. Carney, Jr., Media, for appellees.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's January 15, 1985 order, docketed on January 28, granting appellees' motion to dismiss appellants' action.[1] Appellants contend that (1)

1. Appellants also appealed from the judgment entered in favor of appellees and against them on the basis of the order. Because we treat appellees' motion to dismiss as a motion for summary judgment,

the trial court erred in effectively overruling the order of a judge of "coordinate jurisdiction," (2) the trial court improperly took judicial notice of the record of a proceeding not before it, and (3) they are entitled to recover in this third-party liability action because their damages are in excess of those recovered in a previous uninsured motorist arbitration proceeding.[2] For the following reasons, we reverse the lower court's order and remand for further proceedings consistent with this opinion.

On March 1, 1981, appellant Eugene McNally was a passenger in an automobile driven by appellee James Dagney and owned by Dagney's wife, appellee Lucille Cavallero. They were involved in an auto accident with an unknown car and driver. Appellant suffered various injuries and required periods of hospitalization in three different hospitals. Both appellant and appellee Cavallero have insurance policies with Nationwide Insurance Company. Appellee Dagney is listed on Cavallero's policy as a named insured and was driving the car with her permission on the day of the accident.

Appellant Eugene McNally brought an action under the uninsured motorist provision of his policy,[3] and the matter was heard by common law arbitration on April 23, 1984. The arbitrators determined that stacking of both appellant's and appellee Cavallero's policies was appropriate; each had a $15,000 policy. The panel of three arbitrators, with one arbitrator dissenting, awarded appellant $27,500 out of a possible recovery of $30,000. Appellant filed exceptions that were denied by Judge White on August 21, 1984, and

and orders granting a motion for summary judgment are appealable, *Whirley Industries, Inc. v. Segel,* 316 Pa.Superior 75, 78–79, 462 A.2d 800, 802 (1983), the appeal from the judgment was improper. *Cf.* Pa.R.A.P. 301(c). Accordingly, we will quash the appeal in No. 707 PHL 85.

2. We have renumbered appellants' statement of the questions involved to comport with our disposition of this case.

3. Appellant Kathleen McNally was not a party to the uninsured motorist arbitration proceeding.

this Court affirmed. *McNally v. Nationwide Insurance Co.*, 348 Pa.Superior 637, 501 A.2d 295 (1985) (*per curiam*).

On January 26, 1983, while the uninsured motorist claim was pending, appellants brought this separate trespass action against appellees. Appellees filed a motion for summary judgment that Judge Jerome denied on July 2, 1984, and the case was listed for trial. Appellees thereupon filed a motion for continuance, a supplemental motion for continuance, and a motion to dismiss that was, in effect, another motion for summary judgment.[4] The lower court granted the motion to dismiss, and this appeal followed.

■ Appellants, citing *Reifinger v. Holiday Inns, Inc.*, 315 Pa.Superior 147, 461 A.2d 839 (1983), first contend that the lower court improperly overruled Judge Jerome's order denying appellees' motion for summary judgment. They argue that appellees, at the hearing on their motion to dismiss, sought to bar appellants' recovery on the same ground as appellees relied upon in their motion for summary judgment, namely, this Court's decision in *Rossi v. State Farm Automobile Insurance Co.*, 318 Pa.Superior 386, 465 A.2d 8 (1983), *allocatur denied*. We find no error in the trial court's ruling on appellees' motion to dismiss.

In *Reifinger*, we noted the general rule that, "[a]bsent some new evidence, it is improper for a trial judge to overrule an interlocutory order of another judge of the same court in the same case." *Reifinger v. Holiday Inns, Inc., supra* 315 Pa.Super. at 151, 461 A.2d at 842 (citing *Commonwealth v. Griffin*, 257 Pa.Superior 153, 157, 390 A.2d 758, 760 (1978)). Here, however, the record before the trial court was materially different from that before Judge Jerome. In their answer to appellees' motion for summary judgment, appellants argued that appellees' motion must fail for three reasons, one of which was that appellant Eugene McNally's exceptions to the arbitrators' award in

---

**4.** Appellees filed the motions for continuance because, believing that it would control the result in this case, they wished to await the outcome of the appeal of the uninsured motorist action to this Court.

the uninsured motorist arbitration proceeding were still pending. Accordingly, Judge Jerome may have denied appellees' motion for summary judgment simply because the arbitration award, the scope of which forms the basis of the parties' contentions in this case, was not yet final.

▪ Appellants next contend that the trial court erred in relying on the record of the uninsured motorist arbitration proceeding in ruling on appellees' motion to dismiss.[5] This claim is meritless. At the hearing on appellees' motion, the following exchange occurred:

> THE COURT: All right. May I consider then, that [the record of the arbitration proceeding] is part of the record if by no other way, by way of [appellees' motion to dismiss], and it may be considered by the Court? ·
>
> [Appellants' counsel]: If it is necessary to consider it in your decision, Your Honor, we have no objection.

N.T. December 13, 1984 at 9. Indeed, we find it difficult to understand how appellants could have objected; they are not entitled to recover duplicate damages, and thus it was necessary for the lower court to review the record of the arbitration proceeding to determine if such recovery was being sought in the instant case.

Appellants last contend that they are entitled to recover damages in this action because their damages "are far in excess" of their recovery in the uninsured motorist arbitration proceeding. Appellees, on the other hand, argue that appellants are barred from recovery here either under the principle of collateral estoppel or this Court's decision in *Rossi, supra.*

▪ In *Rossi*, we held that a recipient of insurance benefits, who is fully compensated for the injuries suffered,

---

**5.** The record of the arbitration proceeding includes the award (and attached dissent), Judge White's order denying appellant Eugene McNally's exceptions, and the notes of testimony of the arbitration hearing.

cannot seek to recover the loss a second time under a different provision of the same policy. *Rossi v. State Farm Automobile Insurance Co., supra* 318 Pa.Super. at 390, 465 A.2d at 10. The lower court, finding "no suggestion in [the] arbitration award ... that it ... was anything short of a total award fully compensating [appellants] for those damages found after the arbitration hearing," Lower Court Opinion at 4, held that appellants' instant trespass action was barred under *Rossi*. Appellants argue, however, that there is "no identity of damages" in the two actions because they limited their damage claims in the arbitration proceeding "to a specific period of time and [to] only part of the damages claimed by [appellant], Eugene McNally." Brief for Appellant at 17.[6]

■ On the record before us,[7] we cannot determine whether appellants are seeking to recover identical damages here. *Cf. Rossi v. State Farm Automobile Insurance Co., supra* 318 Pa.Super. at 390–91, 465 A.2d at 10 (upon review of the record, this Court convinced that the plaintiff

**6.** Appellants also argue that *Rossi* was overturned by the memorandum opinion supporting this Court's *per curiam* order in *Tyler v. Ohio Casualty Group,* 333 Pa.Superior Ct. 636, 482 A.2d 672 (1984). *See* Brief for Appellant at 76–77. We note, however, that memorandum opinions are unpublished and "may not be cited as precedent in any brief, argument or subsequent opinion." Business of the Superior Court of Pennsylvania, Internal Operating Procedures V.8. at 9 (1983). Accordingly, even assuming, *arguendo,* that appellants are correct in their reading of *Tyler,* we do not, and cannot, consider it here.

**7.** The complaint in the uninsured motorist action is not a part of the instant record. We would have found a comparison between it and the instant complaint helpful in determining whether appellants seek the same damages here. Nor are appellants' complaint and joint tortfeasor release relating to a second automobile accident in which appellant Eugene McNally was involved, *see* Brief for Appellees at SR 104–111, a part of the instant record. That action may be relevant to the extent that appellants' injuries resulting from the two accidents overlap. Further complicating our review is the arbitrators' award itself: a one-sentence order stating the dollar amount of the damages with no breakdown thereof. *But see* N.T. April 23, 1984 at 83 (arbitration hearing) (appellants' counsel, in response to an arbitrator's question, stating that all that was needed was an award "find[ing] X amount for [appellant Eugene McNally], signed by the arbitrators").

sought the same special and general damages in an uninsured motorist arbitration proceeding as she received in a settlement for which she released her claims under the liability provision of the insured's policy). To the extent that appellants are submitting the same *claims*, appellees may be correct in their assertion that appellants are collaterally estopped from relitigating the *amount of damages* awarded on *those claims*. *See id.*, 318 Pa.Superior Ct. at 391, 465 A.2d at 10 (the only difference between the arbitrators' award and the settlement was a difference of opinion as to the value of the plaintiff's general damages). We believe, nonetheless, that appellants should be given the opportunity to submit proof of damages on *claims* not presented to the arbitrators.[8] Appellees may, of course, argue that appellants presented those same claims to the arbitration panel. Again, we emphasize that we cannot make that determination on the present record. Accordingly, we reverse the lower court's order granting appellees' motion to dismiss and remand for further proceedings consistent with this opinion.[9]

Lower court's January 28, 1985 order in No. 308 PHL 85 is reversed and case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

Appeal at No. 707 PHL 85 is quashed.

8. At the hearing before the trial court, appellants stated that they "limited [their] damages from the time of the accident to the day before accident two, one year, and about seven months later" and had "different injuries, continuing injuries[, and] lost wages that were not compensated by the first award." N.T. December 13, 1984 at 14–15.

9. The parties stipulated that appellants should recover $25,000, the value of appellee Lucille Cavallero's Nationwide insurance policy, if the case were tried by a jury. *See id.* at 4–5. Appellees appear to have agreed to pay that sum if it were found that appellants were entitled to a *duplicate* recovery. *See id.* at 6. The issue before us, however, is not whether appellants can twice recover for the same injuries, but whether appellants have additional damage claims that were not presented in the initial arbitration proceeding. Therefore, we cannot simply award appellants, as they request in the alternative, the stipulated amount here. For similar reasons, we disagree with appellees that their motion to dismiss "was in effect a motion for a directed verdict on an agreed statement of facts." Brief for Appellees at 5.