**The CINCINNATI INSURANCE COMPANY, Plaintiff,**

v.

**HERR SIGNAL & LIGHTING CO., INC., and/or Ronald R. and Susan E. Herr, his wife, and Wayne A. and Shelby Herr, his wife, Defendants.**

Civ. A. No. 1:CV–89–1717.

United States District Court, M.D. Pennsylvania.

Feb. 26, 1991.

Rod J. Pera, Harrisburg, Pa., Raymond H. Conaway, Rosemary M. Petrantoni, Zimmer, Kunz, Loughren, Hart, Lazaroff, Trenor, Banyas, & Conaway, P.C., Pittsburgh, Pa., for plaintiff.

Richard C. Angino, Harrisburg, Pa., for defendants.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

We are currently considering cross-motions for summary judgment filed pursuant to Fed.R.Civ.P. 56 by the plaintiff, The Cincinnati Insurance Company (Cincinnati), and defendants, Ronald R. Herr and Susan E. Herr (the Herrs). Cincinnati filed this declaratory judgment action to determine its obligations under the portion of one of its comprehensive casualty and property policies providing automobile insurance.

The defendants are the named insureds under the policy, Herr Signal & Lighting Co., Inc., Ronald R. Herr, Susan E. Herr, Wayne A. Herr and Shelby Herr.[1] This is a diversity case controlled by Pennsylvania law. We will evaluate the motions under the well established standard. *See Williams v. Borough of West Chester*, 891 F.2d 458 (3d Cir.1989).

### II. *Background And Discussion.*

We must deal with issues presented by the underinsured motorist (hereinafter "UIM") coverage. Ronald R. Herr, president of Herr Signal & Lighting Co., sustained serious personal injuries on or about May 22, 1986, while engaged in the course and scope of his duties as a flagman on a construction project when he was struck by a car operated by Norman Snelgrove. Herr received workmen's compensation benefits from his company's worker's compensation carrier. He also obtained a verdict against Snelgrove in the Court of Common Pleas of Adams County, Pennsylvania, in the amount of $275,821. The trial court denied his post-trial motion contesting the verdict as grossly inadequate to compensate him for his injuries, and he has filed an appeal of that order to the Pennsylvania Superior Court. Snelgrove's liability insurance provided maximum coverage of $25,000 so Herr was also able to obtain UIM coverage from his personal automobile insurance carriers.

The immediate impetus for this lawsuit was Herr's notification to Cincinnati on or about May 19, 1989, that he intended to make a claim for UIM coverage under its policy as well. The declaration page of the policy states that it provides third party coverage for bodily injury liability up to $500,000 and UIM limits of $35,000. There is no dispute that, counting certain trailers as insured vehicles, there are at least thirteen vehicles covered by the policy. Herr's position is that he is entitled to stack the coverages for the thirteen vehicles. Moreover, the amount used in this calculation

---

1. This action involves the extent of insurance for Ronald R. Herr so the other defendants have not taken an active part in the litigation. We will consider the remaining defendants' interests as having been taken care of by the cross-motions. References in this memorandum to the defendants shall be to the moving defendants.

should equal the liability limits of the policy, $500,000, rather than the stated UIM limits, $35,000, because Cincinnati failed to obtain his consent to the reduction in UIM coverage in accordance with Pennsylvania law. This would entitle him to $6,500,000 of UIM coverage.

Cincinnati's complaint alleges that it has no obligation under the policy for two reasons. First, Herr violated the policy provision requiring prompt notice of the accident by waiting for about three years before submitting his claim. Second, since the accident occurred during the course of Herr's employment, his exclusive remedy is the Workmen's Compensation Act. Alternatively, Cincinnati contends that, if Herr is entitled to UIM coverage, that coverage should be the limits stated on the declaration page, $35,000. Further, if stacking were appropriate, the overall limit of recovery should be the liability limits of the policy, $500,000.[2] Plaintiff also requests that we declare on the basis of collateral estoppel that Herr's recovery be limited by his judgment in the amount of $275,821 against the tortfeasor in the state court trial.[3]

A. Workmen's Compensation As the Exclusive Remedy.

■ Cincinnati contends that Herr's claim for UIM coverage is barred by the provision in the Pennsylvania Workmen's Compensation Act providing that a worker's exclusive remedy against his employer is under the Act. See 77 P.S. § 481(a) (Purdon Pamphlet 1990–91). Cincinnati contends that it is entitled to this protection as the insurance carrier for Herr's employer. There is support in the case law for plaintiff's position, principally *Aetna Casualty & Surety Co. v. Castagnola,* 1989 WL 49523 (E.D.Pa.). But there are cases to the contrary. See *Ponzio v. Liberty Mutual Insurance Co.,* 1990 WL 27362 (E.D.Pa.). See also *Travelers Indemnity Co. v. McGrath,* 1990 WL 106730 (E.D.Pa.); *P.I.E. Nationwide, Inc. v. Foga,* 1990 WL 72946 (E.D.Pa.); *American Motorists Insurance Co. v. Harris,* 1990 WL 55375 (E.D.Pa.). The Pennsylvania Superior Court has also held that an injured worker may claim both workmen's compensation benefits and benefits from his employer's UIM carrier. See *Odom v. Carolina Casualty Insurance Co.,* 394 Pa.Super. 283, 575 A.2d 631, *appeal granted* —— Pa. ——, 582 A.2d 324 (1990); *Chatham v. Aetna Life & Casualty Co.,* 391 Pa.Super. 53, 570 A.2d 509 (1989), *appeal granted,* —— Pa. ——, 584 A.2d 310 (Pa.1990).

It is apparent from these opinions that the correct resolution of the issue depends upon the impact of the Pennsylvania Supreme Court's opinion in *Selected Risks Insurance Co. v. Thompson,* 520 Pa. 130, 552 A.2d 1382 (1989) upon its earlier opinion in *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988). *Compare Castagnola, supra* with *Odom, supra.*

While we are inclined to agree with those courts which have held that worker's compensation is not the exclusive remedy, we fortunately have the further assistance of a recent Pennsylvania Supreme Court opin-

---

**2.** The claim that stacking has a ceiling equal to the limits of the bodily injury coverage was not set forth in the complaint but the Herrs did not object to this procedural irregularity. Because of our resolution of the waiver issue concerning UIM coverage, we need not address this issue although we agree with those courts which have concluded that UIM coverage may be stacked beyond the bodily injury liability limits. See *Maryland Casualty Co. v. Fitze,* 744 F.Supp. 628 (M.D.Pa.1990); *North River Insurance Co. v. Tabor,* 744 F.Supp. 625 (M.D.Pa.1990); *Aetna Casualty And Surety Co. v. Kauffman,* 1991 WL 951 (E.D.Pa.). There is contrary authority. See *Chartan v. Chubb Corp.,* 725 F.Supp. 849 (E.D. Pa.1989), *reconsideration denied,* 1990 WL 126092 (E.D.Pa.).

**3.** The complaint also alleged that stacking was not appropriate here because the policy was a fleet policy and that the trailers were not insured vehicles to be used in the calculation of stacked benefits. In moving for summary judgment, defendants have cited case law in support of their position that stacking is permitted under fleet policies and that the trailers are relevant to the stacking issue. Plaintiff's brief in support of its cross-motion for summary judgment, although it was supposed to deal with defendants' argument, *see* Order, dated December 6, 1990, ¶ 2, was silent on these issues. We therefore conclude that plaintiff has abandoned these claims.

ion which was issued after briefing had been completed on the cross-motions. The opinion clearly indicates that the supreme court would permit recovery of both UIM benefits from employer's automobile insurance carrier and worker's compensation benefits.

In *Azpell v. Old Republic Insurance Co.*, —— Pa. ——, 584 A.2d 950 (1991), the appellant was a police officer injured in the course of his employment. He received worker's compensation benefits and sought uninsured motorist benefits from the appellee, Old Republic Insurance Co., his employer's insurance carrier. The appellee denied the claim but the appellant won in arbitration. The superior court affirmed the trial court's vacation of the arbitration award, holding that *Lewis, supra*, left the appellee with only worker's compensation as his exclusive remedy.

The supreme court reversed on the ground that the lower courts had no authority to review the merits of the arbitration award under the Pennsylvania Uniform Arbitration Act, which the policy provided would govern the resolution of disputes. Significantly, however, the court stated the following in connection with the merits:

> Because of our disposition of this appeal, we need not address appellant's second issue. However, it is quite clear that *Selected Risks Insurance Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989) is controlling and that Appellant is entitled to uninsured motorists benefits under the Motor Vehicle Financial Responsibility Law.

*Id.* at —— n. 1, 584 A.2d at 952 n. 1. Admittedly, this is dictum but we think it is intended as a clear signal that an injured worker is entitled to recover UIM benefits from his employer's automobile carrier and that worker's compensation is not his exclusive remedy.

### B. Alleged Prejudice to Cincinnati.

■ Cincinnati next contends that Herr cannot recover under the policy because he failed to notify it of his claim for more than three years after his accident in violation of a policy provision requiring prompt notification after an accident. Cincinnati recognizes that Pennsylvania requires that the company show actual prejudice to it before this provision may be employed to bar coverage. *See Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977). It insists, however, that prejudice is shown here because the notice did not give it sufficient time to investigate whether there were any independent witnesses who could contest the liability of the underinsured motorist, any potential claims against third parties, or other defenses. Plaintiff requests that we declare the three year delay "presumptively prejudicial." (plaintiff's supporting brief at p. 27). Its surreply brief provides additional reasons arising from the trial in Adams County for finding prejudice. Plaintiff asserts that the notice came only three to four months before trial was to begin, giving it no time to investigate the accident, participate in discovery, or influence the strategy and direction of the defense of the Herrs' lawsuit.

The defendants counter that, although there was no formal notice, Cincinnati's agent was well aware of the accident shortly after it happened and, in fact, coordinated Herr's receipt of worker's compensation benefits. There was therefore no late notice.

We need not assess the validity of defendants' position. It is apparent that the company's argument is deficient as stated. It fails to specify how the company was prejudiced by the purported late notice and speaks only in generalities of the concerns any insurance company would have when prompt notice was not received. Its reference to the proceedings in Adams County only highlights the weakness of the argument because, if there was prejudice, the company should have been able to point to something in the trial proceedings to support that claim. Finally, its request that we declare a three year delay "presumptively prejudicial" is directly counter to the statement in *Brakeman* that late notice will not be sufficient to show prejudice.

**494**

## C. Waiver of Underinsured Motorist Limits Equal to Bodily Injury Limits.

Cincinnati argues that Herr knowingly accepted UIM coverage limits of $35,000 rather than the bodily injury liability limits of $500,000 stated in the policy. Pennsylvania's Motor Vehicle Financial Responsibility Law (the MVFRL), 75 Pa.C.S. § 1701 *et seq.*, governs here. It mandates that the UIM limits equal the bodily injury limits, *see* 75 Pa.C.S. § 1731, unless the insured waives that coverage and accepts a lesser amount. *Id.* at § 1734.[4]

█ The MVFRL establishes one way that the company can show waiver. 75 Pa.C.S. § 1791 provides that a company must supply its insured with a standard notice at the time of the application for insurance. The notice lists the coverages which must be provided under Pennsylvania law, including amounts of UIM coverage, and that higher and lower amounts of coverage than those stated may be purchased. The notice further states that the insured's signature on the notice "or [his] payment of any renewal premiums evidences [his] actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected." *Id.* (brackets added). This notice in the statutory format was attached to the policy in question in the instant case but was not signed by Ronald Herr or any of the other named insureds. It therefore cannot be used as a conclusive presumption of Herr's knowledge of and waiver of his right to additional coverage. *See Prudential Property And Casualty Insurance Co. v. Pendleton*, 858 F.2d 930 (3d Cir.1988).

Under these circumstances, courts have looked to prior Pennsylvania law growing out of the waiver of uninsured motorist benefits to determine when an insured has waived UIM coverage. The germinal Pennsylvania case was *Johnson v. Concord Mutual Insurance Co.*, 450 Pa. 614, 300 A.2d 61 (1973). *See Byers v. Ameri-*

*sure Insurance Co.*, 745 F.Supp. 1073 (E.D.Pa.1990); *Groff v. Continental Insurance Co.*, 741 F.Supp. 541 (E.D.Pa. 1990).[5] Generally, the company must show that the purported waiver was knowing and intelligent. *Groff, supra* (citing *Concord Mutual, supra*).

█ Cincinnati seeks to satisfy this standard by relying upon, among other evidence, the deposition testimony of Frederick Heitefuss, the Cincinnati broker who sold the instant policy, and Suanne R. Rohrbaugh, who sold Ronald and Susan Herr their automobile insurance for their personal car. The personal policy was to have $300,000 bodily injury liability and limits of $35,000 for uninsured and underinsured coverage.

Heitefuss testified that he explained the UIM coverage to Ronald Herr at the time he sold the Cincinnati policy. Rohrbaugh testified that at the time of the application and issuance of the personal automobile policy on May 24, 1985, Ronald Herr executed a form entitled a "supplemental auto application" form. The form gave the applicant four choices ranging from $35,000 to $300,000 for uninsured/underinsured motorists coverage. The box for $35,000 had a check mark in it. The form also contained the following language:

Pennsylvania law requires each automobile liability policy to provide Uninsured/Underinsured Motorists Coverage at limits equal to your policy's Bodily Injury Liability limits. However, you may select limits of Uninsured/Underinsured Motorists Coverage lower than your Bodily Injury Liability limits, but not less than the limits required by the Pennsylvania Financial Responsibility Law ($15,000/$30,000 Split Limit Bodily Injury or $35,000 Single Limit).

She also testified that, although Herr had made a claim on the policy for UIM coverage, he never complained about the limits.

**4.** The statutory language of sections 1731, 1734 and 1791 prior to July 1, 1991, govern this case. Act No. 1990–6 amended these sections in some substantive ways.

**5.** We therefore have no occasion to consider the defendants' extensive survey of the case law from other jurisdictions concerning waiver.

To the best of her knowledge, the Herrs understood what UIM coverage was about.

In response, the defendants have relied upon the lack of a written waiver executed by Ronald Herr specifically in regard to the Cincinnati policy. They claim that this is sufficient to show that Herr did not knowingly accept the lower limits and that the policy should be reformed to provide UIM coverage equal to the bodily injury limits. We disagree.

*Groff* is not exactly on point but provides sufficient guidance for us to conclude that Ronald Herr accepted the lower limits for UIM coverage on the Cincinnati policy. Heitefuss's testimony is uncontradicted that he explained the UIM coverage to Ronald Herr at the time his business applied for the Cincinnati policy.[6] At about the same time, Herr executed a form, albeit with another company, in connection with UIM coverage disclosing to him his option to choose higher UIM coverage but which indicates his choice for lower coverage. This is sufficient to show a knowing and intelligent waiver on his part and we conclude that the UIM coverage limits stated on the policy of $35,000 should be enforced.

### D. Issue Preclusion or Collateral Estoppel Effect of the Adams County Trial.

■ Cincinnati requested in its complaint that we declare that Ronald Herr be bound by the judgment he obtained in his Adams County trial against the tortfeasor on the basis of collateral estoppel or, as it has come to be known, issue preclusion. Plaintiff points out that it need not have been a party to the Adams County suit to invoke the doctrine. It is sufficient that Ronald Herr was. *See Mellon Bank v. Rafsky,* 369 Pa.Super. 585, 535 A.2d 1090 (1987). The Herrs' post-trial motions have now been disposed of and, in the plaintiff's view, only the appellate process has to be exhausted before the judgment becomes final, thus satisfying the only arguably unmet element of collateral estoppel. *See Mellon Bank, supra* (discussing the elements of collateral estoppel).

The Herrs object, claiming they gave Cincinnati an opportunity to intervene in the Adams County suit and that it should not be allowed after the fact to take advantage of a judgment favorable to it. They also cite Pennsylvania cases which have held that the pendency of a trial against the tortfeasor is not grounds for denying a request for arbitration under the UIM portion of an auto policy.

We are not inclined to apply collateral estoppel against the defendants in these circumstances. It is true that Cincinnati need not have been a party to the Adams County proceedings nor is it significant that it refused the defendants' invitation to participate in that trial. We also agree that defendants are entitled to only one recovery for the damages suffered.[7] But, as tacitly acknowledged in its supporting brief where plaintiff retreats from its original request that we bind the defendants to the $275,821 judgment, the ultimate judgment is uncertain. The Herrs could obtain a new trial in which case the amount of damages would be revisited. This uncertainty leads us to decline at this point to exercise our discretion to declare that the defendants should be bound by the Adams County judgment. In any event, if we were to bind the defendants, we would also require the plaintiff to be bound as well, a condition that the plaintiff has not discussed in its submissions.

Additionally, defendants anticipate arbitration proceedings once we resolve the coverage issues before us. In those proceedings, the arbitrators can take into account any final judgment entered in the Adams County proceedings. *See Snyder v. Nationwide Mutual Insurance Co.,* 373 Pa.Super. 294, 541 A.2d 19 (1988).

---

**6.** Ronald Herr has no specific recollection of whether Heitefuss told him about the UIM coverage or not. (Herr deposition at pps. 46–50).

**7.** In this regard, we believe defendants' reliance upon *McNally v. Dagney,* 353 Pa.Super. 402, 510 A.2d 722 (1986) is misplaced. The court only decided in *McNally* that it could not say on the record before it that the same damages, unlike here, were being sought in both proceedings.

496

We will issue an appropriate order.[8]

ORDER AND JUDGMENT

AND NOW, this 26th day of February, 1991, upon consideration of the cross-motions for summary judgment, it is ordered and declared that:

1. Plaintiff's motion for summary judgment is denied and the motion for summary judgment filed by Ronald and Susan Herr is granted except to declare that defendant, Ronald R. Herr, is entitled to underinsured motorists coverage only in the limits stated in the policy— $35,000.

2. The Clerk of Court shall close this file.

**8.** We see no reason to address the issues raised in the plaintiff's surreply concerning coverage for prejudgment interest, Susan E. Herr's damages in the Adams County trial and delay damages. Plaintiff did not raise those issues in its complaint and they were not the subject of any motion for summary judgment.