## Hedglin v. Fleming

*J. Stevenson Suess* and *George Micacchione,* for plaintiffs.
*Robert W. Murdoch,* for defendant.

CAIAZZA, *J.,* July 14, 1992—A motion for summary judgment filed on behalf of the defendant, Dr. Kevin M. Fleming, is presently before this court for resolution.

The basis of this motion is the same as the defendant's previous motion for summary judgment which was filed on July 23, 1990.

It is generally recognized in Pennsylvania that, "absent some new evidence, it is improper for a trial judge to overrule an interlocutory order of another judge in the same court in the same case." *Vincent v. Fuller Co.,* 400 Pa. Super. 108, 113, 582 A.2d 1367, 1370 (1990) (quoting *Farber v. Engle,* 106 Pa. Commw. 173, 177, 525 A.2d 864, 866 (1987)). The defendant in *Vincent* alleged that the plaintiff's cause of action was time barred and asked the trial court to reconsider a previous denial of a motion for summary judgment. The court recognized the importance of maintaining judicial efficiency but entertained a second motion for summary judgment only because there were recent developments in case law relevant to the issue originally before the court. *Id.*

In his original motion for summary judgment, the present defendant contended that the statute of limitations had expired because the plaintiff's answers to interrogatories did not establish facts sufficient to toll the running of the statute of limitations. This court, per Glenn McCracken, P.J., issued an order on December 5, 1990, denying the motion for summary judgment because there were triable issues of fact. The defendant then deposed both the plaintiff and the defendant and filed this second motion for summary judgment.

Since the entry of the original order, there has been a realignment of this court. Because this case is a civil matter, the presiding judge of the civil division, Francis X. Caiazza, J., now will act upon the present motion for summary judgment.

There has been no new case law developments relevant to the issue now appearing before the court in the case sub judice. Instead, the defendant contends that his second motion for summary judgment is based

on information not available to Judge McCracken at the time he originally denied defendant's summary judgment motion. (Defendant's reply brief, p. 2.)

In *McNally v. Dagney,* 353 Pa. Super. 402, 510 A.2d 722 (1986), the trial court granted summary judgment, overruling an order from a judge in the same court. There, an arbitration hearing was pending during the time that the court ruled on the first motion for summary judgment; however, the arbitration hearing was completed when the court ruled on the second motion for summary judgment. The Superior Court of Pennsylvania affirmed the trial court, stating the record before the trial court on the second motion was materially different from that before the court on the original motion. *Id.* at 405, 510 A.2d at 725.

The present case is distinguished from *McNally* because the defendant here does not specifically identify the new information. Rather, the defendant relies generally on the fact that depositions were taken after Judge McCracken's order of December 5, 1990. These depositions do not alone establish that there now exists new evidence sufficient to justify the court entertaining a second motion for summary judgment.

When the "new" evidence merely explains the evidence originally before the court, a judge is not justified in relitigating a motion that has already been decided by a judge in the same court. See *Commonwealth v. Madden,* 342 Pa. Super. 120, 492 A.2d 420 (1985). In *Madden,* the defendant sought to have overruled an interlocutory order of another judge in the same court on the basis of alleged new evidence. The "new" evidence was the testimony of a psychologist regarding the defendant's potential for rehabilitation. *Id.* at 127, 492 A.2d at 427. The Superior Court of Pennsylvania held that the judge improperly considered the petition

to overrule the trial court's interlocutory order, stating that opinion testimony did not qualify as new evidence sufficient to change the trial court's original position. *Id.*

Here, the defendant cites extensively to the deposition testimony. However, the testimony relied upon by the defendant does not provide the court with any material facts that were not originally before Judge McCracken when he denied the defendant's motion. The depositions merely explain the facts contained in the pleadings and affidavits and do not shed any significant new light on the substantive issue.

Therefore, in the interests of judicial efficiency, the court will not consider the defendant's second motion for summary judgment. Parenthetically, the "new" evidence in this case merely explains in more specific detail the evidence which was before the court initially and, consequently, is insufficient to satisfy the entry of an order granting the relief sought by the defendant.

## ORDER

In accordance with the provisions of the appended memorandum opinion, defendant's motion for summary judgment is hereby denied.