**Pusey v. Allstate Insurance Co.**

474

C.P. of Delaware County, No. 2013-001936

*Craig A. Altman*, for appellant.
*M. Gerard Bradley*, for appellee.

GREEN, *J.*, May 21, 2015—Appellant, Joanne Pusey, natural guardian of the minor, Brian Pusey, filed the instant appeal following a March 2, 2015 Order denying Appellant's Motion for Reconsideration. Appellant's Concise Statement of Errors Complained of on Appeal raises the following issue for appellate review:

The Court abused it's[sic] discretion and/or committed reversible error by Order dated February 11, 2015, when it molded plaintiff's verdict by applying plaintiff's comparative negligence before the credit for the third party recovery as opposed to applying plaintiff's comparative negligence after the credit for the third party recovery.

This action arises from an accident that occurred on December 24, 2011 at or near the intersection of Union Avenue and Baltimore Pike, in Upper Darby Township, Delaware County, Pennsylvania. (N.T. 12/08/14, p. 26). At that time Brian Pusey, a minor, was attempting to cross Baltimore Pike on his bicycle when a vehicle being driven by Monique Rollerson collided with Brian Pusey's bicycle. (N.T. 12/08/14, p. 26). Prior to trial, Ms. Rollerson's insurance carrier tendered the policy limits of $25,000,000 to Appellant. Appellant initiated this action against Allstate Insurance Company through an underinsured motorist coverage provision of her motor vehicle insurance policy. (N.T. 12/10/14, p. 123).

Trial commenced on December 8, 2014 and the jury returned a verdict on December 10, 2014. The jury awarded Appellant $10,000.00 for pain and suffering, $1,400.00 for embarrassment and humiliation, $26,200.00 for loss of enjoyment of life, and awarded a stipulated medical lien amount of $21,000.00 for a total award of $58,600.00. (12/10/14 Verdict Slip and N.T. 12/10/14, p. 160). The jury also attributed forty one percent (41%) of the negligence that was a factual case of any harm to Brian Pusey himself. (12/10/14 Verdict Slip and N.T. 12/10/14, p. 160).

Appellee filed a Motion to Mold the verdict on December 18, 2015. Therein, Appellee argued that the jury's award should be reduced by the percentage of Brian Pusey's own negligence, resulting in a damage award of $34,574.00. Appellee reasoned that Allstate would then receive a credit for the policy limits of the torfeasor's $25,000.00 liability limits that were previously received by the Appellant. Appellee referenced the relevant portions of the Allstate policy at issue relating to underinsured motorist benefits:

> We are not obligated to make payment for bodily injury under this coverage which arises out of the use of an underinsured auto until after the limits of liability for all motor vehicle liability protection in effect and applicable at the time of the accident have been exhausted by payment of judgment or settlements.

> Subject to the above limits of liability, damages but not limits payable will be reduced by:

> a) All amounts paid by the owner or operator of the underinsured auto or anyone else responsible. This includes all sums paid under the bodily injury liability coverage of this or any other policy.

The policy further provides that damages in an underinsured motorist claim are that which an insured person is "legally entitled to recover from the operator of an underinsured auto."

(12/18/15 Motion to Mold Verdict)

Neither party disputes that Appellee should receive a credit for the $25,000.00 liability limits that were previously tendered. (N.T. 01/22/15, p. 8). Appellant

contends that the deduction for comparative negligence should have been applied *after* the credit for the third party recovery. Following oral argument in January 22, 2015, this Court entered an Order on February 11, 2015, and found as follows:

1. On December 10, 2014, the jury returned a verdict in the total amount of $58,600.00;

2. The jury attributed forty one percent (41%) of the negligence that was a factual case of any harm to the plaintiff to Brian Pusey himself;

3. Plaintiff's total award must be reduced by forty one percent or $24,026.00;

4. Prior to trial, Plaintiff received $25,000.00 from a third party and/or third party insurance carrier for damages related to the accident at issue herein;

5. Plaintiff's total award must therefore be reduced by an additional $25,000.00.

The jury verdict of December 10, 2014, was then molded and a verdict in favor of Appellant, Joanne Pusey, natural guardian of the minor, Brian Pusey, and against Appellee, Allstate Insurance Company, in the total amount of $9,574.00 was entered of record.

The interpretation of an insurance contract is a matter of law and is generally performed by a court. *Kropa v. Gateway Ford*, 974 A.2d 502 (Pa. Super. 2009). The goal of insurance contract interpretation is "to ascertain the intent of the parties as manifested by the language of the written instrument." *Madison Const. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 606, 735 A.2d 100, 106 (Pa. 1999). "When analyzing an insurance policy, a court

must construe words of common usage in their natural, plain, and ordinary sense." *Continental Cas. Co. v. Pro Machine*, 916 A.2d 1111, 1118 (Pa. Super. 2007) (citing *Mitsock v. Erie Ins. Exchange*, 909 A.2d 828, 831 (Pa, Super. 2006)). If "the language of the [insurance] contract is clear and unambiguous, a court is required to give effect to that language." *Id.* at 831 (quoting *Madison Const. Co., supra*). A court must not "distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity." *Mitsock, supra* at 831.

The purpose of underinsured motorist coverage is to protect the insured (and his additional insureds) from the risk that a negligent driver of another vehicle will cause injury to the insured (or the additional insureds) and will have inadequate coverage to compensate for the injuries caused by [the negligent driver], *Paylor v. Hartford Ins. Co.*, 640 A.2d 1234, 1235-1236 (1994) (*quoting Wolgemuth v. Harleysville Mut. Ins. Co.*, 535 A.2d 1145 (Pa. Super. 1988). While it is a fundamental rule of damages that a person injured by the tortious act of another is entitled to compensation, a court will not allow that person more than one satisfaction in damages. An injured party cannot recover twice for the same injury. *Rossi v. State Farm Auto. Ins. Co.*, 465 A.2d 8, 10 (Pa. Super. 1983). This rule applies equally to situations where the injured party legally has another claim for the same loss; the purpose of this rule of damages in any context is to avoid unjust enrichment. *Id.*; *D'Adamo v. Erie Ins. Exch.*, 4 A.3d 1090, 1096 (Pa. Super. 2010).

Appellant's proposed damages calculation formula provides an unjust enrichment to Appellant. The proposed formula fails to acknowledge the true damages Appellant was legally entitled to recover by delaying

the application of comparative negligence. Under the terms of the instant insurance policy and applicable case law, damages in an underinsured motorist claim are that which Appellant is legally entitled to recover from the operator of an underinsured auto. As the jury attributed forty one percent (41%) of the negligence to Brian Pusey himself, the total damage award Appellant is entitled to recover is $34,574.00, and not $58,600.00. As plaintiffs cannot recover for the portion of an award for which they were negligent, $34,574.00 is the amount to which the underinsured credit is applied. $34,574.00 is the damage award Appellant is legally entitled to recover. Therefore, applying the $25,000.00 credit yields an appropriate final award of $9,574.00 and compensates Appellant for the injuries caused by the negligent driver consistent with the terms of her insurance policy.

For the aforementioned reasons, the trial court respectfully requests that its decision be AFFIRMED.