575 A.2d 939

William J. INCOLLINGO and Genevieve Incollingo, individually and as Husband and Wife, Appellants,

v.

Keith Alan MAURER and Maurer Enterprises, Inc., Appellees.

Superior Court of Pennsylvania.

Argued Feb. 15, 1990.

Filed May 30, 1990.

Petition for Allowance of Appeal Denied Oct. 17, 1990.

Albert Ominsky, Philadelphia, for appellants.

Elit R. Felix, II, Norristown, for appellees.

Before CAVANAUGH, OLSZEWSKI and FORD ELLIOTT, JJ.

CAVANAUGH, Judge:

The genesis of this case is an automobile accident which occurred in Montgomery County on May 26, 1984. On that date, the appellant, William J. Incollingo, was injured when his vehicle was struck by a truck operated by Keith Alan Maurer, and owned by Maurer Enterprises, Inc., the appellees herein. Mr. Maurer swerved into the oncoming traffic lane in which Mr. Incollingo was operating his vehicle, allegedly in order to avoid hitting a vehicle which had

suddenly stopped. The "phantom" vehicle was not physically involved in the accident and was never identified.

William J. Incollingo brought an action against his own insurance carrier under the uninsured motorist provisions of the policy alleging negligence of the operator of the unidentified vehicle. The arbitration hearing took place in September, 1985 and the panel found the driver of the "phantom" vehicle liable for negligence and awarded damages to the appellant in the amount of $70,000.00. The maximum amount of damages to which the appellant would have been entitled under the policy was $90,000.00. The arbitration award was reduced to judgment and approved by the Court of Common Pleas of Philadelphia, and the judgment has been satisfied in full.

Subsequently, in February, 1986, the appellant and Genevieve Incollingo, his wife, commenced a civil action in the Court of Common Pleas of Montgomery County against the appellees seeking damages for personal injuries, lost earnings and diminution of earning capacity. The court below by Yohn, J. entered a partial summary judgment in favor of the appellees and against the appellant on the issue of damages as "the full amount of compensation damages to which plaintiff [the appellant] is entitled as a result of injuries sustained in the subject motor vehicle accident has been set at $70,000.00." (Slip Opinion, pg. 13). The appellant filed a petition with this court for permission to appeal from the interlocutory order of the court below and we denied the petition. A petition was then filed in the Supreme Court, which on April 27, 1989 at No. 163 E.D. Miscellaneous Dkt.1988, reversed the order of this court and remanded the matter to us for resolution of the issue on the merits.

The issue which we must resolve is whether a plaintiff, after having the question of damages determined by a panel of arbitrators under the uninsured motorist provision of his policy, may then proceed in a separate civil action for the same damages arising from the incident.

The court below held that the appellant was collaterally estopped from again litigating the issue of damages, as that matter had been fully litigated in the arbitration proceedings. The appellant argues that the doctrine does not apply as he was not fully compensated for his damages, the arbitrators did not state the basis for their award and finally, the defendants below were not a party to the arbitration proceedings.

The Supreme Court stated in *City of Pittsburgh v. Zoning Board of Adjustment of Pittsburgh*, 522 Pa. 44, 55, 559 A.2d 896, 901 (1989):

Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*See also, Derry Township School District v. Day & Zimmerman, Inc.*, 345 Pa.Super. 487, 498 A.2d 928 (1985); *Zarnecki v. Shepegi*, 367 Pa.Super. 230, 532 A.2d 873 (1987).

Collateral estoppel is also referred to as "issue preclusion". *Phillip v. Clark*, 385 Pa.Super. 229, 560 A.2d 777 (1989). It is a broader concept than *res judicata* and operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subsequent suit. *Alberici v. Tinari*, 374 Pa.Super. 20, 542 A.2d 127 (1988).

In the instant matter, the doctrine was properly applied. The arbitration panel was called on to determine the issue of liability and also the amount of damages suffered by Mr. Incollingo as a result of the accident, including his loss of future earnings. The arbitrators found that the unknown

operator of a vehicle which suddenly stopped was liable to the insured and awarded damages to him in the amount of $70,000.00. The issue of damages was fully presented to the arbitrators. Mr. Incollingo testified concerning personal injuries he suffered, his medical treatment and doctors consulted, the effect on his family life, his partial disability, and his lost past and future earnings in connection with the operation of his business as a tree surgeon. Counsel for Mr. Incollingo stated, *inter alia,* in closing argument to the arbitrators:

> If he [the operator of the unidentified vehicle] is responsible, then the carrier is responsible to pay Mr. Incollingo for his injuries. And he's got severe disability injuries. The report indicates that his lost of future income is three hundred and some thousand dollars that he's going to lose, and that was done by an expert.
>
> And the reports show that the bones that he broke, the tibia is the big bone in the leg, and it's difficult to heal. The knee injury he is still treating.

Counsel for appellant also argued that "Mr. Incollingo may never have another day in court." There is no question but that the issue of damages was fully covered at the arbitration hearing and the arbitrators, in their award of February 6, 1985, expressly found in favor of the plaintiff-Incollingo and against his insurance carrier as to liability and "as to damages, the panel awarded an amount of $70,000.00 to plaintiff."

The second requirement that final judgment in the previous action was rendered on the merits of the issue was met and the judgment has been satisfied. The third requirement has also been met. The party against whom the issue of collateral estoppel has been raised, namely Mr. Incollingo, was a party to the arbitration. Appellant, in his statement of questions involved, states that the doctrine of collateral estoppel does not apply among other reasons because "the third party [appellees] was not a party to the arbitration." There is no requirement under the doctrine of collateral estoppel that the party raising the defense be

involved in the original action, but only that the party against whom it is being raised was a party in the initial proceedings, as Mr. Incollingo was.

The fourth requirement that the party against whom the defense is raised must have had a full and fair opportunity to litigate the issue was also met. Every opportunity was given to Mr. Incollingo at the arbitration to present his claim as to all damages and he presented his case on that issue. At arbitration, the plaintiff testified as to the physical injuries which he sustained in the accident, the medical treatment which he received for the injuries, the limitations upon his ability to work as a tree surgeon, the effect of his injuries upon his business, and the impact of those injuries as they related to his daily activities. The appellant described his continuing medical treatment, together with the physical pain and psychological injuries which he alleged resulted from the accident. The appellant's counsel, in his argument to the arbitration panel, contended that the plaintiff had sustained permanent injuries and that he was still under treatment for injuries sustained. The arbitrators were apprised of the full range of the appellant's claims. The appellant also submitted extensive documentation pertaining to his damages, including copies of medical records, reports, and bills which related to both his physical and psychological injuries. The appellant also submitted the report of an economic expert which addressed the issue of plaintiff's loss of past and future earnings.

There is no doubt that the fifth requirement has also been met as it was essential for the panel to determine damages as well as liability since the arbitration award was based on the damages suffered by the appellant.

The reproduced records submitted by the appellant contains "Claimant's Arbitration Memorandum on Claim for Damages for Loss of Future Earning Power." The memorandum goes into extensive detail concerning Mr. Incollingo's testimony at arbitration about his permanent disability and inability to continue fully in his profession as a tree surgeon. He argued that under Pennsylvania law he

should be compensated for loss of earning power. We are satisfied that the issue of all the damages suffered by the appellant was fully and fairly litigated at the arbitration proceedings, and the appellant had the opportunity to present whatever evidence he desired concerning the damages he suffered as a result of the accident.

This case is analogous to *Phillip v. Clark, supra.* In that case, the plaintiff was injured in an automobile accident. The driver of the other vehicle was insured by Concord Mutual Insurance Company. Concord Mutual became insolvent and the plaintiff submitted an uninsured motorist claim to his own carrier, Nationwide Insurance Company. The claim was submitted to arbitration and an award was made for the plaintiff's injuries. The defendant's insurer then became the Pennsylvania Guaranty Association because of the insolvency of Concord Mutual. The plaintiff below proceeded against the defendant and summary judgment was granted in favor the defendant as the award of the arbitrators precluded a separate suit against the defendant for the same damages. This court held that the civil action was barred on the basis of collateral estoppel. We stated at 385 Pa.Super. at 233, 560 A.2d at 779:

The essence of uninsured motorist coverage is that the insured's carrier will provide the liability coverage of the negligent tortfeasor where the tortfeasor does not do so himself. Thus, the insured's carrier, in a constructive sense, takes the place of the alleged tortfeasor's carrier and *the insured, to recover, must establish the liability of the tortfeasor in the same manner as if proceeding directly against the alleged tortfeasor himself* ... Thus, there is compelling reason to consider the arbitration award a fair and final litigation of appellant's damages, and the similarity in position of the alleged tortfeasor and the uninsured motorist carrier would seem to also militate toward allowing collateral estoppel effect to the arbitrator's award.

*McNally v. Dagney,* 353 Pa.Super. 402, 510 A.2d 722 (1986) involved a factual situation similar to that in the

instant case. The plaintiff was a passenger in an automobile involved in a collision with a vehicle operated by an unknown driver. The plaintiff brought an action against his insurer under the uninsured motorist provisions of his policy. He was awarded damages in an amount less than the policy coverage. While the insured motorist claim was pending, the plaintiff commenced an action against the driver of the vehicle in which he was a passenger. The court below entered summary judgment in favor of the defendant and we reversed, holding that on the record before us, it was impossible to determine if the plaintiff was seeking to recover identical damages in his claim under his uninsured motorist provision and in the action against the defendant. We noted at 353 Pa.Super. at 406, 510 A.2d at 724: "[The plaintiffs] are not entitled to recover duplicate damages, and thus it was necessary for the lower court to review the record of the arbitration proceeding to determine if such recovery was being sought in the instant case." We further stated at 353 Pa.Super. at 408, 510 A.2d at 725:

To the extent that appellants are submitting the same *claims*, appellees may be correct in their assertion that appellants are collaterally estopped from relitigating *the amount of damages* awarded on *those claims.*

(Emphasis in original).

We have reviewed the arbitration proceedings. There is no doubt that they dealt with the same issue of damages presented in the suit against appellees, as far as Mr. Incollingo is concerned. The appellant is not entitled to a second bite of the apple by means of suing the appellees for the same damages he has already recovered from his own insurance company.

The appellant relies on the Supreme Court's decision in *Bethea v. Forbes,* 519 Pa. 422, 548 A.2d 1215 (1988). In that case, two motor vehicles were involved in an accident and a suit was brought against Mr. Forbes, the operator of one of the vehicles. While the suit was pending, Forbes' insurance carrier, Safeguard Mutual Insurance Company, became insolvent and the plaintiff's made claims under the

uninsured motorist provisions of the owner's vehicle, which was insured by the Government Employees Insurance Co. (GEICO). Settlement was made in an amount less than the policy limits. The court below dismissed the civil action and we affirmed *per curiam.*[1] On appeal, the Supreme Court reversed and remanded to the trial court with direction to reinstate the plaintiff's action. The Supreme Court agreed with the plaintiff's argument that regardless of the effect of the uninsured motorist settlement with GEICO under the Insurance Guaranty Act, it did not bar the plaintiffs from continuing the tort action against Mr. Forbes.[2] The basis for this is that a tortfeasor is liable for all injury caused by his negligence or other unlawful conduct, and as a general principle, a plaintiff in such an action is entitled to compensation from the tortfeasor to the full extent of the injuries sustained. The court pointed out that the statutory language of the Uninsured Motorist Act made it clear that one receiving payments pursuant to uninsured motorist coverage, where the tortfeasor's carrier becomes insolvent, retains the right to proceed to judgment against the tortfeasor.

*Bethea v. Forbes, supra,* involved an entirely different situation from the matter *sub judice.* The appellant's claim for damages in the instant matter was fully litigated in an arbitration proceeding imposing liability as well as damages against a tortfeasor, the unknown operator of the phantom vehicle. No damages could be imposed in the arbitration proceedings in the absence of liability, and the arbitrators award determined liability as well as damages. In the

1. *See, Bethea v. Forbes,* 354 Pa.Super. 622, 508 A.2d 337 (1986).
2. The court noted at 519 Pa. at 425, 548 A.2d at 1216:
   Even if a claim is one otherwise covered by the Insurance Guaranty Act, a person's right to obtain relief under the statute does not arise unless or until he has exhausted such rights as he has, with respect to the "covered claim," under an insurance policy other than the one issued by the insolvent. An obvious example of such a situation is where a person has been negligently injured in an automobile accident, and, being unable to obtain payment from the insolvent insurer of the tortfeasor, may look to the uninsured motorist provision in his own insurance policy or in some other applicable policy.

*Bethea* case, the uninsured motorist provision of the plaintiff's insurance policy came into play simply because Forbes' insurance carrier became insolvent. In *Bethea* there was no determination of damages following a full hearing on that issue before a panel of arbitrators.

The appellant was not faced with a defendant whose insurance carrier was insolvent, as in *Bethea, supra.* Mr. Incollingo could have chosen to sue the defendants below for personal injuries and lost earnings, as well as diminution of future earnings. Had he elected to do this and the matter had been fully litigated in the Court of Common Pleas, resulting in full recovery for all damages that he suffered, he could not then have proceeded under his uninsured motorist policy to recover for the same damages from his own insurance company. The appellant elected to recover damages from his own carrier and was awarded an amount to compensate him for all of his damages, even though it was an amount less than his insurance coverage. Although the appellant sought greater damages than awarded by the arbitrators, this does not entitle him to a duplication of the damages in a civil action.

The court below properly entered partial summary judgment on the issue of damages to the plaintiff below, William J. Incollingo. Summary judgment may be granted if the pleadings, depositions, answers to interrogatories and admissions on file show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Hedlund Manufacturing Co. v. Weiser, Stapler & Spivak,* 517 Pa. 522, 539 A.2d 357 (1988); *Gabovitz v. State Auto Insurance Association,* 362 Pa.Super. 17, 523 A.2d 403 (1987); *Williams v. Pilgrim Life Insurance Co.,* 306 Pa.Super. 170, 452 A.2d 269 (1982); Pa.R.C.P. 1035(b). Summary judgment may be entered only in cases that are clear and free from doubt. *Weiss v. Keystone Mack Sales, Inc.,* 310 Pa.Super. 425, 456 A.2d 1009 (1983); *Dunn v. Teti,* 280 Pa.Super. 399, 421 A.2d 782 (1980); *Tom Morello Construction Co., Inc. v. Bridgeport Federal Savings & Loan Association,* 280 Pa.Super. 329,

421 A.2d 747 (1980). In addition, we must examine the record in the light most favorable to the non-moving party's pleadings and give the non-mover the benefit of all reasonable inferences to be drawn therefrom. *Ferguson v. King,* 362 Pa.Super. 543, 524 A.2d 1372 (1987); *Metal Bank of America v. Insurance Company of North America,* 360 Pa.Super. 350, 520 A.2d 493 (1987). Applying all of these tests, we find that the appellees are entitled to summary judgment.

A trial court's grant of summary judgment will be overturned only if there has been an error of law or clear abuse of discretion. *Jones v. Keystone Insurance Co.,* 364 Pa.Super. 318, 528 A.2d 177 (1987). We discern neither an error of law nor abuse of discretion and accordingly, we affirm the partial summary judgment entered by the court below. *See also, McCain v. Pennbank,* 379 Pa.Super. 313, 549 A.2d 1311 (1988).

Judgment affirmed.