**Spisak v. Margolis Edelstein**

C.P. of Allegheny County, no. GD 99-13642.

*Leonard E. Price,* for plaintiff.
*William R. Haushalter,* for defendant.

FRIEDMAN, *J.,* May 15, 2000—Plaintiff has appealed this court's order dated January 31, 2000, in which we sustained defendant law firm's preliminary objections and dismissed plaintiff's complaint with prejudice. The court's decision to dismiss the complaint was based on estoppel principles, arising from the fact that the allegations of the instant complaint reveal that plaintiff had a full opportunity to raise the instant matters complained of in the prior action and that the prior action was the only appropriate place to raise them. In his statement of matters complained of on appeal, plaintiff contends that his failure to raise the defendant's alleged misconduct in the prior case before the judges involved there does not constitute waiver. The allegations of the complaint involve defendant's conduct in another case as counsel for a third party, and are briefly summarized below.

Instant plaintiff, Mr. Spisak, had sued Penn National Insurance Company in a previous action, now finally decided. Instant defendant, Margolis Edelstein, is the law firm which represented Penn National in that litigation

through one of its partners, Arthur Bloom.[1] According to plaintiff's complaint, the previous case involved an insurance bad faith action and resulted in a verdict in favor of Mr. Spisak "in the amount of $750,000 in punitive damages and $62,400 in interest." Plaintiff also alleges that Mr. Bloom was untruthful and made false statements [as counsel for Penn National in the previous case] as follows:

"(A) In improperly redacting produced documents contrary to the order of court of October 23, 1998 [entered by Judge Wettick in the previous case].

"(B) In his undated affidavit [submitted pursuant to the direction of Judge Wettick in the previous case] when he alleged the documents were redacted in compliance with the order of court of October 23, 1998.

"(C) In his representations to Judge Johnson that Mr. McKenna told him (Mr. Bloom) that he could not produce citations to certain bad faith cases or copies of them (as referred to in Mr. McKenna's letter of March 3, 1998 plaintiff's exhibit '21') because they were not reported cases and had been written about in the *Philadelphia Intelligencer*." (Complaint ¶17.)

Mr. Spisak's complaint also contains the following averment of damages:

"Plaintiff believes and avers that the purpose of Mr. Bloom in violating the order of court of October 23, 1998 regarding the redactions and in making the false representations to Judge Johnson regarding his phone conversation with Mr. McKenna were outrageous conduct

---

1. Mr. Bloom had been a partner in a law firm named Rosenberg Kirshner until 1997, which had represented Penn National up to that time. In 1997, Rosenberg Kirshner and Mr. Bloom withdrew their appearances on behalf of Penn National, and Margolis Edelstein and Mr. Bloom entered appearances.

arising from his evil motive or his reckless indifference to the rights of the plaintiff, and were designed solely to prevent the plaintiff from being awarded a fair and proper verdict [in the previous case]. Plaintiff believes and avers that these actions were done solely and maliciously with evil intent and motive to deprive Mr. Spisak of a fair and just award, that such actions did harm the plaintiff in that the verdict was adversely affected, that such actions constitute deliberate and conscious bad faith and that compensatory and punitive damages are justified." (Complaint ¶18.)

We sustained defendant's preliminary objections based primarily upon the doctrine of collateral estoppel.

"Collateral estoppel[, also referred to as 'issue preclusion,'] applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment." *Incollingo v. Maurer,* 394 Pa. Super. 352, 356, 575 A.2d 939, 940 (1990), quoting *City of Pittsburgh v. Zoning Board of Adjustment of Pittsburgh,* 522 Pa. 44, 55, 559 A.2d 896, 901 (1989).

In the instant complaint, Mr. Spisak claims that the amount of damages he received in the previous case was inadequate because defendant had improperly redacted documents, had violated an order of a judge in the other case, and did not provide citations for case law referred to. However, those issues are all matters which plaintiff had a full opportunity to litigate at that time. Further-

more, the fact that Margolis Edelstein and Mr. Bloom were not *parties* in the underlying action is no impediment to the application of collateral estoppel. "There is no requirement under the doctrine of collateral estoppel that the party raising the defense [here, Margolis Edelstein] be involved in the original action, *but only that the party against whom it is being raised [Mr. Spisak] was a party in the initial proceedings . . . ." Incollingo,* 394 Pa. Super. at 357-58, 575 A.2d at 941. (emphasis added) Mr. Spisak's right to question the propriety of the redaction made by defendant arose in the previous case and should have been litigated there. Similarly, the alleged disobedience of a court order in the other case, as well as the failure to provide case cites, should have been raised and argued before the other judges. Lastly, it is axiomatic that there must be an end to every litigation. The instant complaint is an improper attempt to circumvent that axiom.

Plaintiff's counsel conceded at argument on the instant preliminary objections that there were no other facts he could plead. Furthermore, his comments indicate that he did not ask the judges in the prior case to review documents in camera nor to hold Penn National or its counsel, instant defendant, in contempt of the order of October 23, 1998, entered in the prior case. Waiver of an issue is one way of "litigating" it.

Since plaintiff's counsel conceded he had pled all the facts he regarded as material to the cause of action asserted, the undersigned properly refused to grant leave to file an amended complaint. No cause of action lies in the circumstances of this complaint. We properly sustained defendant's preliminary objections and dismissed plaintiff's complaint with prejudice.