George A. SPISAK, Jr., Appellant,

v.

Margolis EDELSTEIN, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 8, 2000.

Filed Feb. 8, 2001.

Douglas L. Price, Pittsburgh, for appellant.

Dennis J. Geis, Jr., Pittsburgh, for appellee.

Before LALLY–GREEN, TODD, and BROSKY, JJ.

TODD, J.:

¶ 1 Following a successful trial in which George A. Spisak, Jr., alleged the bad faith of his employer's insurance company in handling his work-related claim, Spisak sued the law firm which defended the insurance company, asserting that his damage award was less than it would have been but for the firm's improper redaction of certain documents produced during discovery. The trial court, by the Honorable Judith L.A. Friedman, granted the firm's preliminary objections on collateral estoppel grounds, concluding that this issue was previously litigated. We affirm.

¶ 2 Spisak sued Penn National Insurance Company ("Penn National") for bad faith in handling his claim under his employer's uninsured motorist coverage for injuries he sustained while driving a company service truck.[1] Throughout the litigation, Penn National was represented by Margolis Edelstein ("Margolis"), and lead counsel Arthur Bloom, Esquire, a partner at Margolis. The claim came to trial before the Honorable Livingstone M. Johnson in November 1998 in the Court of Common Pleas of Allegheny County. Spisak was awarded $750,000 in punitive damages and $62,400 in interest. Penn National did not appeal.

¶ 3 Spisak then filed the present action against Margolis, asserting that Bloom, in his defense of Penn National, had improperly redacted documents produced during discovery.[2] Spisak states in his complaint:

Plaintiff believes and avers that Mr. Bloom was untruthful and made false statements as follows:

In improperly redacting produced documents contrary to the Order of Court of October 23, 1998[.]

In his undated Affidavit when he alleged the documents were redacted [in] compliance with the Order of Court of October 23, 1998.

(Complaint, 10/21/99, at ¶ 17.) Spisak claims he was harmed as a result of Bloom's actions because the verdict was adversely affected:

Plaintiff believes and avers that the purpose [sic] of Mr. Bloom in violating the Order of Court of October 23, 1998 regarding the redactions … were out-

---

1. During the course of this litigation, Penn National paid $140,000 on the underlying insurance claim.

2. Also asserted in Spisak's complaint is Bloom's alleged misleading of the trial court regarding caselaw for which he could not later supply citations. We need not discuss this matter further, however, because while the trial court also ruled on this issue and while Spisak challenges its decision in his brief, in his Statement of Matters Complained of on Appeal filed in accordance with Rule 1925 of the Pennsylvania Rules of Appellate Procedure, Spisak refers only to the discovery issue. Thus, he has waived this second issue on appeal. *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 658 (Pa.Super.2000) ("An appellant's failure to include an issue in his 1925(b) statement waives that issue for purposes of appellate review.") (citing *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998)).

rageous conduct arising from his evil motive or his reckless indifference to the rights of the Plaintiff, and were designed solely to prevent the Plaintiff from being awarded a fair and proper verdict. Plaintiff believes and avers that these actions were done solely and maliciously with evil intent and motive to deprive Mr. Spisak of a fair and just award, that such actions did harm the Plaintiff in that the verdict was adversely affected, that such actions constitute deliberate and conscious bad faith and that compensatory and punitive damages are justified.

(Complaint, at ¶ 18.)

¶ 4 Margolis filed preliminary objections to Spisak's complaint asserting, *inter alia,* that the allegations of Bloom's misconduct were raised and decided in the Penn National litigation and, therefore, Spisak was collaterally estopped from raising them again in the context of the present lawsuit. The trial court agreed and granted Margolis' preliminary objections and, as Spisak conceded that no additional material facts related to his cause of action could be pled, dismissed his complaint with prejudice. Spisak then filed this timely appeal.

¶ 5 On appeal, Spisak raises the following related issues: "Whether the Lower Court erred in determining that the elements of collateral estoppel were satisfied when appellant did not have a full and fair opportunity to litigate the issues and a decision on the issue at question had not been reduced to a final judgment?" and "Whether the Lower Court erred in determining that the appellant had 'waived' an issue and thus 'litigated' the issue?" (Appellant's Brief, at 4.)

¶ 6 The discovery dispute that arose in the Penn National litigation serves as the basis for Spisak's present complaint and this appeal. In that case, in response to Spisak's motion to compel discovery prior to trial, the Honorable R. Stanton Wettick, Jr, sitting as Special Motions Judge, issued an order on October 23, 1998 requiring Penn National to produce certain documents that Penn National previously claimed were privileged. Penn National complied, but redacted portions of these documents claiming those portions were not relevant under the order. The following week, again in response to Spisak's motion, Judge Wettick refused to review the redactions *in camera* but ordered Bloom to file an affidavit attesting that the redactions complied with his October 23 Order, and Bloom complied. At trial, Spisak again raised the issue of the redacted documents, which Judge Johnson, referring to the decision of Judge Wettick, declined to review *in camera.*

¶ 7 Spisak's complaint in the present matter alleges the redactions attested to by Bloom violated Judge Wettick's order and were intentionally designed to harm him. The trial court in the present matter ruled that Spisak was collaterally estopped from pursuing these allegations as they already had been raised before both Judge Wettick and Judge Johnson in the prior litigation, and Spisak failed to challenge or appeal those decisions.[3]

¶ 8 Collateral estoppel, also referred to as issue preclusion, "operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subse-

---

3. In his brief, Spisak quotes at length from Judge Wettick's decision in *Bowser v. Ryder Truck Rental,* 141 P.L.J. 316 (Allegheny Co.1993). (Brief for Appellant, at 15.) In *Bowser,* Judge Wettick sets forth his sound rationale for dealing with redaction disputes by requiring counsel producing redacted documents to also submit an affidavit attesting to the appropriateness of the redactions. Judge Wettick concludes that this requirement re-strains counsel in redacting documents by requiring them to personally review the documents and by, in effect, putting their law license at risk should a redaction later be revealed to have been inappropriate. To the degree Spisak is arguing that *Bowser* creates a cause of action justifying the complaint in this case, we find that *Bowser* supports no such interpretation.

quent suit." *Incollingo v. Maurer*, 394 Pa.Super. 352, 575 A.2d 939, 940 (1990) (citations omitted). It applies where "(1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment." *Id.* at 940 (quoting *City of Pittsburgh v. Zoning Bd. of Adjustment of Pittsburgh*, 522 Pa. 44, 55, 559 A.2d 896, 901 (1989)). That Margolis was not a party to the Penn National litigation does not prevent it from asserting collateral estoppel as a bar to Spisak's claim:

> There is no requirement that there be an identity of parties in the two actions in order to invoke the bar. Collateral estoppel may be used as either a sword or a shield by a stranger to the prior action if the party against whom the doctrine is invoked was a party or in privity with a party to the prior action.

*Mellon Bank v. Rafsky*, 369 Pa.Super. 585, 535 A.2d 1090, 1093 (1987).

¶ 9 In his brief, Spisak does not contest that the issue is the same in both suits (element 1), or that he was a party to the prior case (element 3); therefore we need not address these points. Further, we can quickly dismiss any contention on his part that there was not a final judgment on the merits (element 2), or that the issue was not essential or material to the judgment (element 5). Regarding a final judgment, although discovery issues are interlocutory, a judgment ultimately was entered in the Penn National litigation and became final when neither Spisak nor Penn National appealed. Regarding materiality, the thrust of his present complaint is that Bloom's actions harmed Spisak by reducing the award in his favor in the Penn National litigation. (*See* Complaint, ¶ 18.)

Thus, he impliedly concedes that it was essential and material to the judgment.

■ ¶ 10 We now address the only remaining contention: whether Spisak "had a full and fair opportunity to litigate the issue in the prior proceeding." Spisak's argument appears to be that because Judge Wettick decided not to review the redacted documents *in camera*, and because Judge Johnson refused to revisit that decision and conduct such a review, he was denied a full and fair opportunity to litigate the issue of the redacted documents in the Penn National litigation and should not now be barred from raising the issue. We cannot agree.

■ ¶ 11 Spisak raised his concerns about the redactions during discovery and at trial. Indeed, in attempting in his brief to rebut the trial court's assertion that by failing to pursue the discovery dispute in the trial court he had effectively litigated it for purposes of collateral estoppel, Spisak goes to some length to argue how this issue *was* raised before the trial court. (*See* Brief for Appellant, at 14–17.) Had Spisak been dissatisfied with the court's resolution of the redaction issue, he could have brought a motion to compel or a motion to hold Bloom in contempt. Further, following judgment, he could have appealed the decision to this Court and raised the arguments he now attempts to advance in his complaint against Margolis. Therefore, to the degree Spisak believes the issues he now asserts were insufficiently addressed in the Penn National litigation, he has no other party to blame. Nevertheless, preclusion under collateral estoppel principles does not require that the litigant take every avenue to challenge and appeal a decision; rather, all that is required is that the issue was decided in prior litigation, that that decision became final, and that the party against whom the doctrine is asserted had a "full and fair opportunity to litigate" the issue in prior litigation. *Incollingo*, 575 A.2d at 940. Such clearly was the case here. Therefore, Spisak properly was barred un-

der the doctrine of collateral estoppel from pressing forward with the discovery allegations in his complaint.

¶ 12 We are at any rate loathe to sanction the approach Spisak has chosen here. In essence, he is attempting to redress in these collateral proceedings a discovery matter from a suit which has been finally concluded, but which he believes was poorly handled. The proper context for addressing discovery disputes is in the case in which they arise, according to the rules of civil procedure and the appellate process. To sanction the approach taken here, would open the door to a litany of collateral lawsuits against counsel and their clients based on a litigant's later dissatisfaction with the resolution of a dis-

covery matter from a suit long concluded. This we refuse to do.

¶ 13 For the foregoing reasons, we agree with the trial court that Spisak is collaterally estopped from relitigating the discovery issue that forms the basis of his present complaint. We therefore affirm the order granting Margolis' preliminary objections and dismissing Spisak's complaint with prejudice.[4]

¶ 14 Order affirmed.

4. As we noted above, amendment was not an alternative as Spisak conceded that no additional material facts relative to his cause of action could be pled.