J-S06034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRIDGET FERNANDEZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ERIE INSURANCE GROUP | |
| | No. 1002 EDA 2016 |

Appeal from the Order Entered February 23, 2016
in the Court of Common Pleas of Montgomery County Civil Division
at No(s): 2014-01257

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED APRIL 18, 2017**

Appellant, Bridget Fernandez, appeals from an order of the Montgomery County Court of Common Pleas granting the motion for summary judgment of Appellee, Erie Insurance Group, to limit the amount of Appellant's underinsured motorist ("UIM") benefits to $37,000.00. Appellant objects to the trial court's ruling that an award entered by an arbitrator in Appellant's underlying personal injury action against the tortfeasor collaterally estopped her from obtaining UIM benefits in excess of $37,000.00. We reverse and remand for further proceedings.

On December 22, 2009, Appellant was driving her car in Bucks County, Pennsylvania when her vehicle was struck from behind by a vehicle driven by Holly Trask. At the time of the accident, Trask was insured by

_____

[*] Former Justice specially assigned to the Superior Court.

State Farm with liability limits of $50,000. On October 5, 2011, Appellant filed a civil complaint against Trask and her husband in the Philadelphia Court of Common Pleas at October Term, 2011, No. 336, for injuries that she sustained in the accident.

On October 24, 2012, counsel for Appellant notified the Philadelphia County court that the parties agreed to submit the case to "binding arbitration." R.R. 410a.[1] Two days later, the court ordered the case transferred to binding arbitration. R.R. 408a.

On or about March 12, 2013, the arbitrator entered the following report and award:

> This matter was submitted to me as binding sole arbitrator on March 12, 2013. I heard testimony from all parties and accepted evidence. After hearing the testimony, and reviewing the evidence submitted and upon deliberations, **I find in favor of [Appellant] and render the following award:**
>
> **In favor of [Appellant] in the amount of $87,000.00.** The award is made up of $75,000.00 for pain and suffering and $12,000.00 for medical bills. The $12,000.00 figure is based on approximately $9,400.00 in charges from the lien that at least appeared to be related to this accident. I came to that figure by taking off amounts charged by providers that clearly were not related to this incident such as the Rheumatic Disease Associates and the surgery for [Appellant]'s cyst removal. I also included an additional amount for the Act VI figure bills for the outstanding amounts to NovaCare and Dr. Biddle. **I understand in speaking to the parties that based on their prior agreement that this amount is to be molded to a finding in the amount of $50,000.00.**

---

[1] For the convenience of the parties, we refer to the reproduced record.

R.R. 411a (emphases added).

On September 6, 2013, Appellant signed the following release entitled "General Release In Full Settlement Of All Claims":

> For the Sole Consideration of Fifty Thousand Dollars ($50,000), the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Holly Trask and John Trask and State Farm Mutual Automobile Insurance Company, their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about December 22, 2009 at or near Philadelphia, PA and which was the subject of a lawsuit filed in the Court of Common Pleas of Philadelphia County at #1110 00336 and captioned <u>Bridget A. Fernandez vs. John Trask and Holly Trask</u>.
>
> This settlement include[s] any and all medical expenses arising from the alleged accident and any and all liens of any kind whatsoever, and [Appellant] expressly agrees that [she] shall be responsible for paying them . . .

R.R. 412a. In between the first and second paragraphs of the foregoing text, Appellant wrote and initialed the following: "By signing this release, [Appellant] expressly reserves the right to pursue her underinsured motorist claim against Erie Insurance Co." *Id.*

On September 23, 2013, the Philadelphia County court marked Appellant's action against the Trasks settled, discontinued and ended. R.R. 409a.

On January 20, 2014, Appellant filed a two-count complaint in the Montgomery County trial court against Appellee alleging breach of contract and bad faith under 42 Pa.C.S. § 8371. Appellant averred that: (1) Appellee issued Appellant an auto insurance policy from the period between October 1, 2009 through October 1, 2010 which provided $250,000.00 in UIM benefits; (2) Appellant was involved in an auto accident with Trask during the policy period; (3) Appellant sued Trask and her husband and ultimately obtained a settlement of $50,000.00, the bodily injury insurance coverage limit for the Trasks' policy with State Farm; and (4) Appellee was notified of and consented to the settlement. R.R. 100a. Appellee admitted all of these facts in its answer to the complaint. R.R. 121-22a.

The trial court scheduled a jury trial for March 6, 2016. On February 18, 2016, only two and a half weeks before trial, Appellee filed a motion for summary judgment in which it argued that the arbitrator's award in Appellant's action against the Trasks collaterally estopped Appellant from seeking damages in excess of the award. R. 380-83a. Appellee requested the court to grant Appellant a total of $37,000.00 in UIM benefits, *i.e.*, the $87,000.00 arbitration award less the $50,000.00 obtained in Appellant's settlement with the Trasks. *Id.*

On February 22, 2016, Appellant filed a response in opposition to Appellee's motion for summary judgment. On February 23, 2016, the trial court held oral argument and docketed an order granting Appellee's motion for summary judgment and entering judgment in favor of Appellant and against Appellee in the amount of $37,000.00.

On March 24, 2016, Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Relying on **Incollingo v. Maurer**, 575 A.2d 939 (Pa. Super. 1990), the trial court concluded that Appellant's arbitration award collaterally estopped her from obtaining UIM benefits in excess of $37,000.00. Trial Ct. Op., 7/12/16, at 4-6.

Appellant raises two arguments on appeal, which we re-order for the sake of disposition: (1) the lower court committed an error of law in finding the arbitrator's award precluded Appellant's Recovery of UIM damages in excess of $37,000.00; and (2) the lower court unfairly prejudiced Appellant in accepting, and ruling on, Appellee's motion for summary judgment. Appellant's Brief at 8, 22.[2]

We apply the following standard of review to an order granting a motion for summary judgment:

_____

[2] We recite the headings from Appellant's argument section because the argument heading states the issues clearly and because Appellant omitted the second issue from her Statement of Question Involved in violation of Pa.R.A.P. 2116(a). Our disposition of Appellant's first issue makes it unnecessary to review her second issue.

> We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

In her first argument, Appellant asserts that the trial court erred in determining that the arbitrator's award in Appellant's action against the Trasks collaterally estopped her from obtaining UIM benefits in excess of $37,000.00. We agree.

> Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated.
>
> > Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*Selective Way Ins. Co. v. Hospitality Grp. Servs., Inc.*, 119 A.3d 1035, 1042 (Pa. Super. 2015) (*en banc*) (citations and internal quotation marks

omitted). Collateral estoppel applies when, *inter alia*, "a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." **Office of Disciplinary Counsel v. Kiesewetter**, 889 A.2d 47, 51 (Pa. 2005) (citation omitted).

Appellee argues that Appellant is collaterally estopped from obtaining UIM benefits in excess of $37,000.00 based on the terms of the arbitration award and the release in Appellant's underlying personal injury action. According to Appellee, Appellant agreed to litigate, and had full and fair opportunity to litigate, her total amount of damages during binding arbitration in the underlying personal injury action. Appellee claimed that the arbitrator's assessment of total damages in the amount of $87,000.00 estopped Appellant from seeking UIM benefits above $37,000.00, *i.e.*, $87,000.00 less the $50,000.00 paid by the Trasks' insurer to Appellant. In other words, Appellee viewed Appellant's action for additional UIM benefits as a "claim [that she] previously litigated and lost against []other defendant[s]," the Trasks. **Kiesewetter**, 889 A.2d at 51.

We agree that under collateral estoppel principles, the arbitration award was binding on Appellant **to the extent of the arbitrator's jurisdiction,** which in turn depended on the terms of the arbitration agreement between Appellant and the Trasks. **See Stack v. Karavan Trailers, Inc.**, 864 A.2d 551, 555 (Pa. Super. 2004) ("the arbitrator's authority is restricted to the powers the parties have granted them in the

arbitration agreement"). We cannot tell, however, whether Appellant and the Trasks imposed any limit on the arbitrator's jurisdiction. There is no written agreement between Appellant and the Trasks in the record, and the arbitrator's award is unclear on this subject. One sentence of the arbitration award provides that an "award" in Appellant's favor "in the amount of $87,000.00"—an indication that the arbitrator had jurisdiction to determine the entire amount of damages. R.R. 411a. Another sentence, however, states that the arbitrator will "mold" her finding to $50,000.00 "based on [the parties'] prior agreement . . ." *Id.* In this context, "prior agreement" could mean an agreement to determine the amount of damages up to, but not in excess of, the Trasks' policy limits of $50,000.00. Alternatively, it could mean that the parties agreed that the arbitrator's award would be binding up to the policy limit of $50,000.00 but merely advisory above the policy limit. To use Appellant's phrase, under these constructions, any reference by the arbitrator to damages in excess of $50,000.00 would be non-binding "dicta." Appellant's Brief at 15. The jury must resolve this ambiguity. *See Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004) (citation omitted) ("[w]hile unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact").

The release between Appellant and the Trasks is ambiguous as well. The release has standard form language discharging the Trasks and "all other persons, firms or corporations liable or, who might be claimed to be

- 8 -

liable" from "any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown[.]" R.R. 412a. But beneath this text, Appellant wrote in her own hand: "By signing this release, [Appellant] expressly reserves the right to pursue her [UIM] claim against [Appellee]." *Id.* This handwritten proviso carves out an exception which authorizes Appellant to pursue UIM benefits from Appellant—but it does not address whether the arbitration award places a ceiling on recoverable UIM benefits.

For these reasons, we disagree with Appellee's contention that the arbitration award and the release collaterally estop Appellant from recovering UIM benefits in excess of $37,000.00. The award and release simply do not resolve this question as a matter of law, which makes the scope of the agreement between Appellant and the Trasks a fact question for the jury. *See Kripp*, 849 A.2d at 1163.

The trial court's reliance on *Incollingo* is misplaced. There, the plaintiff was injured in an accident with a "phantom" vehicle and sought recovery of uninsured motorist ("UM") benefits against his insurer. *Id.*, 575 A.2d at 940. An arbitration panel awarded him $70,000.00 of a possible $90,000.00 limit under the policy. *Id.* Subsequently, the plaintiff and his wife brought suit against the driver of a third vehicle involved in the accident seeking damages for personal injuries, lost earnings and diminution of earning capacity. *Id.* The trial court entered partial summary judgment

against the plaintiff on the grounds of collateral estoppel, concluding the arbitration panel had awarded the full amount of his damages in the UM arbitration. *Id.* We affirmed based on our determination that "the issue of all the damages suffered by the appellant was fully and fairly litigated at the arbitration proceedings, and the appellant had the opportunity to present whatever evidence he desired concerning the damages he suffered as a result of the accident." *Id.* at 942.

*Incollingo* is distinguishable from the present case, because the arbitration award of $70,000.00 in *Incollingo* was well within its jurisdictional limit of $90,000.00, while the present record leaves unclear whether the arbitrator had jurisdiction to determine Appellant's damages above the Trasks' policy limits of $50,000.00.

Accordingly, we reverse the order granting summary judgment to Appellee and remand for further proceedings.

Order reversed. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017

- 10 -