J-A22009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GREGORY FIMPLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN GABROY, SUBURBAN | : | No. 173 EDA 2019 |
| SURGICAL ASSOCIATES, LTD; KEVIN | : | |
| WRIGHT & KEVIN WRIGHT & | : | |
| ASSOCIATES | : | |

Appeal from the Order Entered December 13, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  January Term 2017-01636

BEFORE:   MURRAY, J., STRASSBURGER, J.*, and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                **FILED OCTOBER 03, 2019**

Gregory Fimple (Appellant) appeals from the order denying his motion to strike the judgment of *non pros* entered in favor of Allen Gabroy (Dr. Gabroy) and Suburban Surgical Associates, Ltd. (SSA).  Appellant claims the trial court erred in denying his motion, as well as in sustaining the preliminary objections (POs) of defendants Kevin Wright and Kevin Wright & Associates (collectively Attorney Wright).  Upon review, we affirm.

In 2005, Appellant filed a medical malpractice action against Dr. Gabroy,

_____

* Retired Senior Judge assigned to the Superior Court.

and his medical practice, SSA.[1]  In that suit, Dr. Gabroy and SSA were represented by Attorney Wright.  On August 11, 2014, the trial court granted summary judgment in favor of the defendants and dismissed Appellant's claims with prejudice.  Appellant appealed to this Court, which dismissed the appeal on November 10, 2014.[2]

More than two years later, on January 12, 2017, Appellant commenced the underlying action against Dr. Gabroy, SSA, and Attorney Wright, alleging fraud, negligent misrepresentation, abuse of process, civil conspiracy, and infliction of emotional distress.  The complaint averred that the defendants colluded in the prior action by, *inter alia*, filing false statements and committing discovery violations, and to date, had not properly responded to interrogatories.

On February 20, 2017, Attorney Wright filed POs, arguing, *inter alia*, that Appellant's claims were barred by collateral estoppel because Appellant had a full and fair opportunity to litigate his claims in the prior action.  Attorney Wright averred that over a 6-year period in the prior action, Appellant filed six motions for discovery sanctions, which presented claims identical to those in the instant matter, and all of those motions were denied.

---

[1] The 2005 action was commenced "in Philadelphia but transferred to Delaware County, with case number 2006-005972."  Trial Court Opinion, 3/14/19, at 1.

[2] *Fimple v. Gabroy*, 2651 EDA 2014 (Pa. Super. *per curiam* order, Nov. 10, 2014).

On April 10, 2017, Attorney Wright filed an emergency motion to preclude a deposition scheduled by Appellant, where Appellant sought to review Attorney Wright's files from the prior action. Attorney Wright's motion alleged, *inter alia*, that his file in the prior action included confidential communications protected by the attorney-client privilege, and encompassed "many years of litigation involving the filing of numerous discovery motions and responses." Attorney Wright's Emergency Motion for a Protective Order, 4/10/17, at 2-3.

The trial court conducted a hearing on April 13, 2017. Attorney Wright stated that his records from the prior case were destroyed the previous year, and the only remaining documents were his letters to Elliott Tolan, Esquire (Appellant's counsel in both the prior action and the underlying action) — which Attorney Tolan already received — and Attorney Wright's privileged correspondence to Dr. Gabroy and SSA. N.T. Hearing, 4/13/17, at 4. Attorney Tolan responded, without expanding, that he did "not believe" the records were destroyed. *Id.* at 7. Attorney Wright countered that Attorney Tolan was merely "trying to . . . re-litigate a case that got thrown out in 2014." *Id.* Attorney Wright then advised the court that Appellant had also served a subpoena on two physicians who had "taken over the practice of Dr. Gabroy," now retired, and "had nothing to do with [Appellant's] treatment." *Id.* at 7-8. Attorney Tolan explained that sheriffs were unsuccessful in serving the complaint on Dr. Gabroy, and he wished to depose the two physicians to find

"the proper address to serve Dr. Gabroy." ***Id.*** The following day, the trial court granted Attorney Wright's motion to quash the subpoena to depose him. Order, 4/19/17.

On July 18, 2017, the trial court sustained Attorney Wright's POs, and dismissed with prejudice all claims against Attorney Wright.

With regard to Appellant's remaining claims against Dr. Gabroy and SSA, the trial court found, as the case proceeded to trial on August 27, 2017, that Appellant failed to serve his complaint on the defendants. Thus, the court entered a judgment of *non pros*. ***See*** Pa.R.Civ.P. 401(a) (generally, original process shall be served within 30 days after the filing of the complaint). In its opinion, the trial court pointed out Appellant could have filed a motion for alternative service. Trial Court Opinion, 3/14/19, at 3; ***see*** Pa.R.Civ.P. 430 ("If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.").

On September 25, 2018, Appellant appealed to this Court, which issued a rule to show cause as to why the appeal should not be dismissed for Appellant's failure to file a petition to strike or open the judgment of *non pros*. ***See Madrid v. Alpine Mt. Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011) ("Any appeal related to a judgment of *non pros* lies not from the judgment itself, but

from the denial of a petition to open or strike."). Appellant did not respond, but instead — while this Court still had jurisdiction — filed a motion in the trial court to strike the judgment of *non pros*. On November 19, 2018, this Court dismissed the appeal.[3] ***Fimple v. Gabroy***, 2845 EDA 2018 (order) (Pa. Super. Nov. 19, 2018) (dismissing appeal).

On December 14, 2018, the trial court denied Appellant's motion to strike the judgment of *non pros*. The court found that the motion was untimely; Appellant's failure to serve the complaint on Dr. Gabroy and SSA "was not reasonably explained"; and in any event, Appellant's complaint failed to state any cause of action, where his allegations of discovery violations were resolved in the prior action. ***See*** Trial Court Opinion, 3/14/19, at 3. Appellant then filed the underlying, timely notice of appeal, and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued an opinion on March 14, 2019.

On appeal, Appellant presents the following issues:

1. Whether the trial court erred and/or abused its discretion in dismissing Appellant's claims against appellees Gabroy and Suburban Surgical Associates?

2. Whether the trial court erred in dismissing Appellant's claims

---

[3] We remind counsel that generally, "after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." ***See*** Pa.R.A.P. 1701(a). Here, it was improper for Appellant to file a petition for relief while his appeal was pending before this Court, as the trial court did not have jurisdiction. ***See id.*** However, the trial court did not rule on Appellant's petition until after this Court dismissed the appeal on November 19, 2018.

against appellees Kevin Wright, Esquire, and Kevin Wright and Associates?

Appellant's Brief at 3.[4]

Appellant presents assorted claims. First, he asserts the trial court erred in dismissing his claims against Dr. Gabroy and SSA. Appellant sets forth the factors for dismissing a case due to delays in litigation, and contends that none were present in this case. Appellant's Brief at 9, *citing* **Jacobs v. Halloran**, 710 A.2d 1098 (Pa. 1998) (court may enter a judgment of *non pros* "due to the failure of the plaintiff to prosecute his action within a reasonable time," where the plaintiff "has shown a want of due diligence in failing to proceed with reasonable promptitude, . . . there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party"). Appellant further contends that the defendants were estopped "from defend[ing] the judgment of *non pros*" because they "caused a significant portion of the claimed delay" and "acquiesced in the period of claimed delay [sic] by aiding in the concealment of the whereabouts of" Dr. Gabroy and SSA. ***Id.*** at 10-11.

Appellant's arguments concerning delay are misplaced, as the trial court did not enter judgment of *non pros* based on prolonged inactivity on the docket. **See Jacobs**, 710 A.2d at 1101. Rather, the court explained that it

---

[4] We transposed the issues to align with the argument section of Appellant's brief.

entered judgment of *non pros* due to Appellant's failure to serve his complaint on Dr. Gabroy and SSA. Trial Court Opinion, 3/14/19, at 2 ("The court entered a *non pros* on the complaint as to the remaining defendants, Dr. Gabroy and [SSA], because [Appellant] failed to make service on these parties."); **see also** Pa.R.Civ.P. 401(a) (generally, original process shall be served within 30 days after the filing of the complaint). To the extent Appellant argues that his failure to serve the defendants should be excused, he does not refute, or address, the trial court's observation that he could have sought alternative service. Thus, no relief is due.

Next, Appellant repeats the above arguments to claim that his motion to strike the judgment of *non pros* should have been granted. He contends that his motion was "promptly filed given [his] counsel's only very recent discovery of the fact that a judgment of *non pros*, rather than a non suit, was entered upon [Appellant's] claims." **Id.** Appellant also asserts that his complaint had "at least a facially meritorious cause of action, as conceded by [Attorney Wright's] ongoing efforts to conceal the whereabouts of" Dr. Gabroy and SSA. Appellant's Brief at 12. Again, we disagree.

"A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review." **Madrid v. Alpine Mt. Corp.**, 24 A.3d 380, 382 (Pa. Super. 2011). "Relief from a judgment of *non pros* shall be sought by petition." Pa.R.Civ.P. 3051(a). If such petition is filed within ten days of the entry of judgment of

*non pros* and "states a meritorious cause of action . . . the court shall open the judgment." Pa.R.Civ.P. 237.3(b)(1). However, if a petition is filed more than ten days after judgment, the petition is subject to the analysis set forth in ***Schultz Erie Insurance Exchange***, 477 A.2d 471 (Pa. 1984):

> A petition to open a judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. The court will only exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be excused.

***Schultz***, 477 A.2d at 472; ***see also*** Pa.R.C.P. 237(b)(1), *comment*.

As stated above, the trial court found that Appellant's motion to strike the judgment of *non pros* — filed 70 days after entry of the judgment and while Appellant's first appeal before this Court was pending — was untimely. ***See*** Trial Court Opinion, 3/14/19, at 3. Appellant's sole argument concerning timeliness — that Attorney Tolan initially believed nonsuit was entered and "only very recent[ly] discover[ed]" that a judgment of *non pros* was entered — is belied by the record. ***See*** Appellant's Brief at 12. The judgment of *non pros* was entered on August 28, 2018. The next two filings on the trial docket are Appellant's September 25, 2018 counseled *praecipe* to proceed *in forma pauperis*[5] and counseled notice of appeal. Both documents included the following statement:

---

[5] Attorney Tolan stated that Appellant was unable to pay costs and thus he was "providing free legal service." Appellant's *Praecipe* to Proceed *In Forma Pauperis*, 9/25/18.

- 8 -

[Appellant], above named, appeals to The Superior Court of Pennsylvania from the Order entered in the above cause [sic], by His Honor, Gene D. Cohen, which was signed on August 28, 2018, and entered on the docket. **Entering** [sic] **a Judgment Non Pros against [Appellant].**

*See* Appellant's Certification to *Praecipe* to Proceed *In Forma Pauperis*, 9/25/18 (emphasis added); Appellant's Notice of Appeal, 9/25/18 (emphasis added). Thus, Appellant's own filings show counsel's awareness of the entry of judgment *non pros* at the time he filed a notice of appeal on September 25, 2018.[6] Furthermore, Appellant's claim that Attorney Wright improperly concealed the whereabouts of Dr. Gabroy and SSA is meritless — again, the trial court pointed out that Appellant could have sought alternative service. Therefore, the court did not abuse its discretion in denying Appellant's motion to strike. *See Madrid*, 24 A.3d at 382; *Schultz*, 477 A.2d at 472.

In his next issue, Appellant claims the trial court erred in sustaining Attorney Wright's POs. Appellant reasons that Attorney Wright's arguments "were grounded in matters of affirmative defense," which may not be asserted in preliminary objections.[7] Appellant's Brief at 13. Appellant then asserts that

---

[6] Moreover, Appellant ignores that an appeal relating to a nonsuit, similar to an appeal relating to a judgment of *non pros*, does not lie from the entry of the nonsuit, but instead "from an order denying a timely motion to remove the nonsuit." *See Kuriger v. Cramer*, 498 A.2d 1331, 1334 n.7 (Pa. Super. 1985). Appellant does not argue that he filed a motion to remove the nonsuit he allegedly believed was entered.

[7] Although Appellant did not file his own preliminary objections raising this argument, he included the argument in a response to Attorney Wright's

even on the merits of the POs, no relief should have been granted. In support, Appellant argues that whereas the prior action arose from Dr. Gabroy and SSA's negligence in providing medical care, the instant litigation concerns a different issue, *i.e.*, the "conspiracy and withholding of evidence" by Dr. Gabroy, SSA, and Attorney Wright. ***Id.*** at 14. Appellant points out that "there was no final judgment on the merits" of "any of [his] claims." ***Id.*** We are not persuaded.

We have explained:

[P]reliminary objections are limited to the grounds enumerated in Pa.R.Civ.P. 1028, Preliminary Objections. . . . *Res judicata* is not among those grounds enumerated in Rule 1028(a). The issue of *res judicata*, rather, is an affirmative defense and generally is properly raised *via* a party's answer as new matter. Pa.R.Civ.P. 1030, New Matter (a).

"A preliminary objection in the nature of a demurrer tests the legal sufficiency of the complaint." "A court should sustain preliminary objections in the nature of a demurrer only where it appears from the face of the complaint that recovery upon the facts alleged is not permitted as a matter of law." "When considering a demurrer[,] a court cannot consider matters collateral to the complaint but must limit itself to such matters as appear therein." "A court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court." It follows, therefore, that unless the facts

_____

preliminary objections. ***See Richmond v. McHale***, 35 A.3d 779, 782 (Pa. Super. 2012) ("Where a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections."); Appellant's Answer to Preliminary Objections, 3/13/17, at 6. In the absence of any objection by Attorney Wright, we will not find waiver.

- 10 -

> relied upon to establish it appear from the complaint itself, the defense of *res judicata*, may not be raised by preliminary objections. **Cf.** [**220 Partnership v. Philadelphia Elec. Co.**, 650 A.2d 1094, 1096 (Pa. Super. 1994)] (stating that it follows that the doctrine of collateral estoppel may not be raised by preliminary objections); **see also Chada v. Chada**, . . . 756 A.2d 39, 42-43 (Pa. Super. 2000) (stating that the doctrine of *res judicata* "subsumes" the modern doctrine of collateral estoppel).

**Kelly v. Kelly**, 887 A.2d 788, 790-791 (Pa. Super. 2005) (some citations omitted). "Where, however, [a] prior proceeding is made a part of or referred to in a bill of complaint or a statement of claim, its effect as *res judicata* may be brought before the court and determined upon preliminary objections or an affidavit of defense raising questions of law." **Jones v. Costlow**, 47 A.2d 259, 262 (Pa. 1946).

Consistent with the foregoing, Appellant is correct that **generally**, a claim of collateral estoppel must be raised in a new matter, and not in preliminary objections. **See** Pa.R.Civ.P. 1028(a), 1030(a); **Kelly**, 887 A.2d at 790. However, Appellant disregards the fact that his complaint not only refers to, but is based upon, the litigation of his prior malpractice action against Dr. Gabroy and SSA. Accordingly, it was not improper for Attorney Wright to raise collateral estoppel in preliminary objections, nor for the trial court to rule on the merits. **See Jones**, 47 A.2d at 262; **Kelly**, 887 A.2d at 790-791. Accordingly, we consider the trial court's finding of collateral estoppel, recognizing:

> Collateral estoppel, also referred to as issue preclusion, "operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent

jurisdiction from being relitigated in a subsequent suit." It applies where "(1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment." . . .

There is no requirement that there be an identity of parties in the two actions in order to invoke the bar. Collateral estoppel may be used as either a sword or a shield by a stranger to the prior action if the party against whom the doctrine is invoked was a party or in privity with a party to the prior action.

***Spisak v. Edelstein***, 768 A.2d 874, 877 (Pa. Super. 2001) (citations omitted).

In ***Spisak***, the plaintiff successfully sued his employer's insurance company for bad faith in handling his work-related claim. ***Spisak***, 768 A.2d at 875. Nevertheless, the plaintiff subsequently "sued the law firm which defended the insurance company, asserting that his damage award was less than it would have been" because the firm made false statements and "improperly redacted documents produced during discovery." ***Id.*** In response, the law firm filed POs asserting that the misconduct allegations were raised and decided in the prior action, and therefore the plaintiff was barred by collateral estoppel from raising them again. ***Id.*** at 876.

The trial court sustained the POs, and on appeal, this Court considered whether the plaintiff had a full and fair opportunity to litigate the issue in the prior proceeding. ***Spisak***, 768 A.2d at 876. This Court held that he did; we

- 12 -

reasoned that the plaintiff could have brought a motion to compel discovery or motion to hold opposing counsel in contempt, and could have raised these claims on appeal. *Id.* We further stated:

> [T]o the degree [the plaintiff] believes the issues he now asserts were insufficiently addressed in the [prior] litigation, he has no other party to blame. . . . [P]reclusion under collateral estoppel principles does not require that the litigant take every avenue to challenge and appeal a decision; rather, all that is required is that the issue was decided in prior litigation, that that decision became final, and that the party against whom the doctrine is asserted had a "full and fair opportunity to litigate" the issue in the prior litigation. . . .
>
> We are at any rate loathe to sanction the approach [the plaintiff] has chosen here. In essence, he is attempting to redress in these collateral proceedings a discovery matter from a suit which has been finally concluded, but which he believes was poorly handled. The proper context for addressing discovery disputes is in the case in which they arise, according to the rules of civil procedure and the appellate process. To sanction the approach taken here, would open the door to a litany of collateral lawsuits against counsel and their clients based on a litigant's later dissatisfaction with the resolution of a discovery matter from a suit long concluded. This we refuse to do.

*Id.* at 877-878.

Consonant with **Spisak**, the trial court did not err in finding that Appellant had a "full and fair opportunity" to litigate his claims in the prior action. Attorney Wright attached as exhibits to his preliminary objections Appellant's multiple motions for discovery sanctions from the prior action. These motions repeatedly averred that Dr. Gabroy, SSA, and Attorney Wright failed to comply with Appellant's discovery requests, failed to appear for depositions, and withheld documents. **See** Attorney Wright's Preliminary

Objections, 2/20/17, Exhibits F, H, J, M, O, Q. As noted above, Appellant's motions were all denied. That a "judgment" was not entered on Appellant's claims is not dispositive; instead, where the trial court in the prior action made final rulings on Appellant's discovery issues, Appellant is precluded from re-litigating those issues. *See Spisak*, 768 A.2d at 877-878.

Upon review, we discern no error by the trial court in denying Appellant's motion to strike the judgment of *non pros* entered in favor of Dr. Gabroy and SSA, and sustaining the preliminary objections of Attorney Wright.

Order affirmed.

Judge Pellegrini joins the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/19

- 14 -